**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

_____

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CARLA'S PASTA, INC.,** | **Case No. 21-20111 (JJT)** |
| **Debtor.** | |

_____

**UNITED STATES TRUSTEE'S PRELIMINARY STATEMENT**
**CONCERNING THE DEBTOR'S "FIRST-DAY" MOTIONS**

William K. Harrington, United States Trustee for Region 2 ("United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), respectfully files this Statement concerning Carla's Pasta, Inc. ("Debtor") "First Day" Motions which the Debtor has requested that the Court set down for hearing on an emergency basis.  In support of his Statement, the United States Trustee, through his undersigned counsel, states the following:

### I.    BACKGROUND

1.    On February 8, 2021, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. ECF 1.  The Debtor is represented by the law firm of Locke Lord LLP  and Tara Lynn Trifon, Esq. and Adrienne K. Walker, Esq., specifically ("Attorney Trifon and Walker"). *Id.*  The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.    The Debtor has filed eight (8) "First Day"substantive motions for which it has sought an expedited emergency hearing. ECF 22, ¶ 10.  The United States Trustee does not believe that all those Motions should necessitate an emergency hearing.  Those that the United States Trustee does not believe should be treated as "First Day" Motions are the following:

      a.     Customer Programs Motion [ECF 18];

      b.     Insurance Motion [ECF 19];

      c.     Utilities Motion [ECF 20]; and

      d.     Taxes Motion [ECF 21].

3.     The United States Trustee does  believe that it is appropriate for the Court to consider as "First Day" motions the Debtor's "Joint Administration Motion [ECF 2]," the Interim Financing and Cash Collateral Motion [ECF10]," "Pre-Petition Payroll Motion [ECF 11],"Cash Management Motion [ECF 16]."

4.     There is extremely limited notice for any of the Debtor's proposed "First Day" Motions.  Only those Motions which must be decided, at least on an interim or preliminary basis, should be considered as being First Day motions.  All other motions should be given hearings only after adequate notice has been provided to all creditors and especially where an Official Committee of Unsecured Creditors is anticipated to be appointed as it is in Debtor's case.

5.     Therefore, the United States Trustee respectfully requests that only the four Motions noted above as being appropriately "First Day" Motions be considered on an emergency basis.

Dated: February 8, 2021             Respectfully submitted,
     New Haven, Connecticut

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE FOR REGION 2

               By:    /s/ Steven E. Mackey
                    Steven E. Mackey/ct09932
                    Office of the United States Trustee
                    Giaimo Federal Building, Room 302
                    150 Court Street
                    New Haven, CT 06510
                    (203) 773-2210