**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CARLA'S PASTA, INC., *et al.* | Case No. 21-20111-JJT |
| Debtors.[1] | (Jointly Administered) |
| SURI REALTY, LLC, Movant, v. |  |
| TOWN OF SOUTH WINDSOR, CONNECTICUT, Respondent. | **Response Date: May 17, 2021** |

**NOTICE OF (I) DEBTORS' MOTION FOR DETERMINATION OF TAX LIABILITY UNDER 11 U.S.C. §§ 105 AND 505, AND (II) CONTESTED MATTER RESPONSE DATE**

**PLEASE TAKE NOTICE** that on this date Carla's Pasta, Inc. and Suri Realty, LLC, debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases filed the *Debtors' Motion for Determination of Tax Liability Under 11 U.S.C. §§ 105 and 505* (the "Motion") in the United States Bankruptcy Court for the District of Connecticut and attached hereto. The filing of the Motion commenced a contested matter (the "Contested Matter"), which shall be governed by the Contested Matter Procedures outlined at D. Conn. Bankr. L. R. 9014-1.

**PLEASE TAKE FURTHER NOTICE** that any response to the Motion in this Contested Matter must be filed with the Court no later than **May 17, 2021** (the "Response Date"). In the absence of a timely filed response, by the Response Date the proposed order to the Motion in this Contested Matter may enter without further notice and hearing. *See* 11 U.S.C. § 102(1), and D. Conn. Bankr. L. R. 9014-1(d)(2).

**PLEASE TAKE FURTHER NOTICE** that the pleadings and other docket entries referenced herein are available to the public at no cost on the website hosted by the Debtors' proposed claims and noticing agent, Stretto, at the following internet address: https://cases.stretto.com/CarlasPasta/court-docket.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Carla's Pasta, Inc. (5847) and Suri Realty, LLC (5847). The Debtors' corporate headquarters and service address is 50 Talbot Lane, South Windsor, Connecticut 06074.

1

91695562v.1

Dated: April 26, 2021

/s/ *Adrienne K. Walker*
Adrienne K. Walker (admitted *pro hac vice*)
Locke Lord LLP
111 Huntington Avenue
Boston, MA 02199
Tel: 617-239-0211
email: awalker@lockelord.com

Brian A. Raynor (admitted *pro hac vice*)
Michael B. Kind (admitted *pro hac vice*)
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Tel: 312-201-2392
email: braynor@lockelord.com
email: michael.kind@lockelord.com

Tara L. Trifon (ct28415)
Locke Lord LLP
20 Church Street 20th Floor
Hartford, CT 06103
Tel: 860-541-7740
email: tara.trifon@lockelord.com

*Counsel to the Debtors and
Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021 a copy of the foregoing was filed electronically, and notice of this filing will be sent by email to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing, including the Town of South Windsor (Attn: Tax Collector). Parties in interest may access this document through the court's CM/ECF System.

*/s/ Adrienne K. Walker*
Adrienne K. Walker

91695562v.1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CARLA'S PASTA, INC., *et al.* | Case No. 21-20111-JJT |
| Debtors.[1] | (Jointly Administered) |
| SURI REALTY, LLC, Movant, v. | |
| TOWN OF SOUTH WINDSOR, CONNECTICUT, Respondent. | **Response Date: May 17, 2021** |

**DEBTORS' MOTION FOR DETERMINATION**
**OF TAX LIABILITY UNDER 11 U.S.C. §§ 105 AND 505**

Carla's Pasta, Inc. and Suri Realty, LLC ("Suri"), debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (i) establishing the amount of real property taxes due from Suri to the Town of South Windsor (the "Town") with respect to the Real Property (defined herein) for tax years 2020 and 2021 (through the closing date on the real property sale pending in the Chapter 11 Cases); (ii) compelling the Town to take any and all actions necessary to adjust its records in accordance with the rulings of the Court; and (iii) granting such other and further relief, both legal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Carla's Pasta, Inc. (5847) and Suri Realty, LLC (5847). The Debtors' corporate headquarters and service address is 50 Talbot Lane, South Windsor, Connecticut 06074.

91691777v.2

and equitable, as the Court deems necessary and appropriate. In support of the Motion, the Debtors state as follows:

## PRELIMINARY STATEMENT

1. The relief requested by this Motion is limited, discrete, and in aid of the Debtors' administration of these Chapter 11 Cases. Suri is not challenging its obligations to pay real property taxes on its property located at 50 Talbot Lane, South Windsor, Connecticut (the "Real Property"), nor is it appealing the gross assessment of the Real Property made by the Town and added to its Grand List on October 1, 2019. This Motions is merely requesting this Court to determine the mathematical calculation of the 2020 Bill (defined herein) for the Real Property as required under the Abatement Agreement (defined herein) and to apply such calculation to the amounts due in future tax years. The plain language of the Abatement Agreement provides Suri a 70% reduction of the Town's gross assessment of the Real Property. The Town, however, has delivered the 2020 Bill that improperly calculates the amount of the Abatement (defined in the 2020 Bill as the "Exemption"), which then results in an incorrect, and significantly higher, real estate tax bill. This Motion requests the Court to establish that the 2020 Bill, if it were properly calculated, results in a total 2020 real property tax for the Real Property at $237,320.09, and this same methodology should be applied to calculate the 2021 and any future tax bill. The Debtors have attempted to resolve this dispute with the Town; however, the Town has not accepted Suri's reading of the plain language of the Abatement Agreement. As Suri will soon be selling its Real Property, the Debtors request a final determination of such obligations to the Town as it continues to winddown its business operations.

## JURISDICTION

2. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over these Chapter 11 Cases and the Motion pursuant to 28 U.S.C. §§ 157 and

1334. The Court has jurisdiction under 11 U.S.C. § 505 to hear this Motion.

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue of the Chapter 11 Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested are sections 105(a) and 505 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

6. On October 29, 2020, an involuntary petition was filed against Suri. By Order entered on December 17, 2020 [Case No. 20-21270, Dkt. No. 30], this Court converted Suri's involuntary case to a voluntary case under chapter 11 (the "Suri Commencement Date").

7. Suri continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors' committee have been appointed. The Chapter 11 Cases are jointly administered and not substantively consolidated.

8. In the ordinary course of business, Suri incurs real property tax obligations in connection with its ownership of the Real Property (the "Property Taxes"[2]). Pursuant to a use and occupancy agreement between the Debtors, Carla's Pasta is obligated to make direct payment to the Town for, among other things, the Property Taxes.

9. As part of Suri and Carla's Pasta's business expansion, the Town and Suri entered into that certain Agreement Regarding Real Property Tax Assessment, dated October 3, 2019 (the "Abatement Agreement"). The Abatement Agreement is attached hereto as **Exhibit B**. The Abatement Agreement expressly states:

---

[2] Suri is also obligated to pay real property taxes on its adjoining parcel at 280 Nutmeg Road, South Windsor, Connecticut. This parcel is not subject to the Abatement Agreement and is not implicated by this Motion.

> Commencing with the Grand List for the period following the issuance of the Certificate of Occupancy for the Facility at any time after June 1, 2019, the town shall grant Suri Realty a 70% reduction in its real property assessment for the Real Property, including the above-described Expansion and the construction of the Facility (the "Abatement").

Abatement Agreement, ¶ 6. The Town issued its Certificate of Occupancy on July 19, 2019. The Certificate of Occupancy is attached hereto as **Exhibit C**.

10. After the Abatement Agreement, the Town issued its 2020 Real Estate Tax Bill in connection Real Property in the total amount of $502,133.50 (the "2020 Bill"), which was payable in two installments. The 2020 Bill is attached hereto as **Exhibit D**.

11. The 2020 Bill does not reflect the correct calculation of the 70% reduction in the Town's real property assessment. Rather, it only provides Suri with a 36.5% reduction in its real property assessment for the Real Property. The chart below illustrates the mathematical error in the 2020 Bill, along with the amount Suri has determined is due when applying the plain language of the Abatement Agreement:

|  | **Town's Calculation of 2020 Bill** | **Suri's Correct Calculation of 2020 Bill** |
|---|---|---|
| Gross Assessment | $20,833,500 | $20,833,500 (SAME) |
| Abatement/Exemption | $7,627,600 (36.524592% of assessed value) | $14,583,450 (70% of assessed value) |
| Net Assessment | $13,255,900 | $6,265,050 |
| Mill Rate (based on each 1,000 of net assessed value) | $37.8800 (x 13,255.90) | $37.8800 (x 6,265.05) |
| **Total 2020 Real Property Tax** | **$502,133.50** | **$237,320.09** |

12. If the reduction provided in the Abatement Agreement were correctly calculated and applied, the resulting annual 2020 tax on the Real Property would be $237,320.09, divided into two equal payments of $118,660.05. Carla's Pasta paid what it determined as the correct first installment of $118,660.05 (plus interest) to the Town in November 2020, and paid the second

4

91691777v.2

installment of $118,660.05 in January 2021.

## BASIS FOR RELIEF

13. The Bankruptcy Code sets forth ample authority for the Court to determine that the 2020 Bill was incorrectly calculated and to direct the Town of South Windsor to correct the 2020 Bill. Section 505 of the Bankruptcy Code provides, in relevant part, as follows:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. 11 U.S.C. § 505(a)(1).

14. Section 505 is specifically intended to facilitate the administration of the bankruptcy estate by allowing debtors to determine their tax liabilities. There are only three exceptions to Bankruptcy Code section 505(a)(l)'s broad grant of authority to determine tax liabilities, none of which bar the Debtors' requested relief. See 11 U.S.C. § 505 (a)(2). While the third exception limits the ambit of Section 505 with respect to certain challenges to real property taxes for which a timely appeal has not been filed, the Debtors' ability to seek redress of a clear mathematical error, e.g., the miscalculation reflected in the 2020 Bill, is not implicated by § 505(a)(2)(C).

15. The 2020 Bill is incorrect on its face, in that it does not reflect the 70% reduction in the real property assessment. Suri is seeking relief only to apply a proper mathematical calculation of its 2020 Bill (and any future bills), and to confirm that Suri's prior payments of its properly calculated amounts shall result in payment in full of its 2020 Bill. Suri has attempted to resolve this informally through communications with the Town's tax officials, but has been unable to secure the correction.

5

WHEREFORE, for the foregoing reasons, the Debtors respectfully request entry of the Order granting the relief requested herein, and granting such other relief as is just and proper.

Dated: April 26, 2021

  /s/ *Adrienne K. Walker*
Adrienne K. Walker (admitted *pro hac vice*)
Locke Lord LLP
111 Huntington Avenue
Boston, MA 02199
Tel: 617-239-0211
email: awalker@lockelord.com

Brian A. Raynor (admitted *pro hac vice*)
Michael B. Kind (admitted *pro hac vice*)
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Tel: 312-201-2392
email: braynor@lockelord.com
email: michael.kind@lockelord.com

Tara L. Trifon (ct28415)
Locke Lord LLP
20 Church Street 20th Floor
Hartford, CT 06103
Tel: 860-541-7740

*Counsel to the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021 a copy of the foregoing was filed electronically, and notice of this filing will be sent by email to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing, including the Town of South Windsor (Attn: Tax Collector). Parties in interest may access this document through the court's CM/ECF System.

    */s/ Adrienne K. Walker*

    Adrienne K. Walker

91691777v.2

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CARLA'S PASTA, INC., *et al.* | Case No. 21-20111-JJT |
| Debtors.[1] | (Jointly Administered) |
| SURI REALTY, LLC, <br>         Movant, <br> v. <br> TOWN OF SOUTH WINDSOR, CONNECTICUT, <br>         Respondent. | |

**ORDER GRANTING DEBTORS' MOTION TO**
**DETERMINE TAX LIABILITY UNDER 11 U.S.C. §§ 105 AND 505**

Upon consideration of the *Debtor's Motion to Determine Tax Liability Under 11 U.S.C. §§ 105 and 505* (the "Motion")[2] and any response(s) to the Motion; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and the Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the relief requested in the Motion and provided for herein being in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, and due and proper notice of the Motion having been provided to the notice parties, including the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Carla's Pasta, Inc. (5847) and Suri Realty, LLC (5847). The Debtors' corporate headquarters and service address is 50 Talbot Lane, South Windsor, Connecticut 06074.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

A-2

Town of South Windsor, Connecticut; and it appearing that no other or further notice need be provided; and the Court having held one or more hearings to consider the relief requested in the Motion and all of the proceedings had before this Court; and all objections to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as provided herein.

2. The Debtors' tax liability to the Town of South Windsor in connection with its Real Property located at 50 Talbot Lane is determined to be $257,320.10 for the 2020 tax year. For the 2020 tax year and after, the Town of South Windsor is required to reduce the gross assessment by 70% prior to calculating the real property tax due on account of the Real Property as is required under the Abatement Agreement.

3. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

4. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

DATED this _____ day of _____, 2021

_____
JAMES J. TANCREDI
UNITED STATES BANKRUPTCY JUDGE