**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CHAPTER | 11 |
| | ) | | |
| CARLA'S PASTA, INC. and | ) | CASE No. | 21-20111 (JJT) |
| SURI REALTY, LLC, | ) | CASE No. | 20-21270 (JJT) |
| | ) | (Jointly Administered under Case No. | |
| DEBTORS. | ) | 21-20111 (JJT)) | |
| | ) | | |
| | ) | RE: ECF Nos. | 564, 592, 593, 594 |
| | | | 596, 638, 640, 678 |

**RULING ON THE MOTION OF PEOPLE'S UNITED BANK FOR RELIEF FROM
STAY TO EXERCISE RIGHT OF SETOFF AGAINST SALE PROCEEDS, OR,
IN THE ALTERNATIVE, FOR ORDER DIRECTING PAYMENT OF
SALE PROCEEDS TO PEOPLE'S UNITED BANK**

Pending before the Court is a Motion for Relief from Stay to Exercise Right of Setoff

Against Sale Proceeds, or, in the Alternative, for Order Directing Payment Of Sale Proceeds to

People's United Bank (ECF No. 564, the "Motion"), filed by People's United Bank ("PUB" or

"Movant"), whereby PUB seeks an order modifying the automatic stay under 11 U.S.C. §

362(d)(2) so that PUB may exercise its right of setoff to take and apply the net sale proceeds

from the sale of the Debtors' assets (the "Sale"), or, in the alternative, for an order directing the

Debtors to pay over to PUB the net proceeds from the Sale. Motion, p. 2. As a preliminary

matter, the Court views this filing as essentially two distinct motions: 1) a motion for relief from

stay ("Motion for Relief from Stay"); and 2) a motion to disburse pursuant to an offer of

adequate protection ("Motion to Disburse").

In response the Motion, multiple parties, including the Debtors, filed objections

pertaining to either the substantive or procedural appropriateness of the Motion. *See* ECF Nos.

592, 593, 594, 596, 638, 678 (the "Objections"). Chief among those is the objection filed by the

Dennis Engineering Group (the "Dennis Group"), which argues, among other things, that the Motion is an improper procedural end-run around the Adversary Proceeding that it filed to determine the extent, validity and priority of PUB's competing liens. (*See* Adv. Pro. 21-02004).

After hearings on May 19, May 26, June 2, June 3 and June 8, 2021, where the parties were able to argue their respective positions and explore a mutually acceptable resolution of this matter, the Court took the Motion under advisement. After due consideration of the arguments advanced by the Movant and the positions advanced in response, and for the reasons stated herein, the Motion for Relief from Stay is hereby **DENIED** without prejudice so that, if need be, it may be renewed at a later date after the appropriate process. With respect the Motion to Disburse, the Court hereby reserves judgment on this separate and distinct issue until the June 11, 2021 hearing at 11:00 A.M.

At the outset, the Court presumes the parties have a certain degree of familiarity with the facts and procedural history that are relevant to the present Motion. That said, by way of additional background, the Court notes a number of material events that took place prior to the Motion that direct the Court's determination. First among those, is the Debtors' acknowledgment of the validity of PUB's claims and liens and subsequent disclaiming of any interest in the proceeds of a sale as part of the Debtors' negotiations for DIP financing early in the case. *See* Final Cash Collateral Order, ECF No. 189, pp. 3–4. Second, is the filing of the Dennis Group's Adversary Proceeding against PUB, which seeks a determination from this Court as to the extent, validity and priority of PUB's liens, while also seeking the subordination of PUB's liens to its own. And lastly, on April 26, 2021, this Court entered an Order Approving the Sale of the Debtors' Assets (*see* ECF Nos. 486 and 488)[1], which authorized the Sale of substantially all of

---

[1] Paragraph 49 of the Sale Order, which addressed what would become of the proceeds of the Sale, provides that: "[t]he net Cash Purchase Price shall be held by the Debtors in a segregated, interest-bearing debtor in possession

the Debtors' assets, and which specifically reserved respective lien and challenge rights to the proceeds.[2]

Despite the aforesaid provision in the Sale Order, PUB now seeks relief from the automatic stay as to the Debtors and as to those proceeds, or, alternatively, an order requiring that the Debtors release the funds held in escrow to PUB, because arguably cause exists pursuant to 11 U.S.C. § 362(d)(2). *See* Motion, p. 9 ("Debtors have no equity in the [n]et [p]roceeds. . . . the Debtors' have no remaining business and no remaining property which could be used in the operation of a business. Thus, Debtors are incapable of reorganization within the meaning of Bankruptcy Code Section 362(d)(2), and the [n]et [p]roceeds are not necessary to an effective reorganization.").

While the relief requested is cast as a motion for relief from stay, and would certainly be expedient, it is an approach that is fundamentally unfair and one that ignores the material and substantial contest as to the extent, validity and priority of the Dennis Group's mechanic lien that would need to be resolved as a necessary predicate to the requested relief being granted. Practically and procedurally, this matter should be determined in the Adversary Proceeding through a motion to disburse funds once the extent, validity, and priority of the liens that attach to the proceeds have been determined. *See* Fed. R. Bankr. P. 7001(2); *see also In re Santiago*, No. 17-31361 (AMN), 2021 WL 371823, at *4 ("When a party seeks to determine the validity,

---

account. This Order is without prejudice to the rights of the parties claiming any interest in the net Cash Purchase Price, including with respect to adversary proceedings and contested matters pending before this Court (the "Ongoing Litigation"), that relate to the pre-petition conduct of the Debtors, the senior secured lenders and other secured and unsecured creditors who are plaintiffs and defendants in any such litigation (the "Litigation Parties"), all of such rights being expressly reserved to the Litigation Parties." Revised Sale Order, ECF No. 486, p. 30.

[2] The Sale closed on April 30, 2021, with the cash purchase price, prior to adjustments, of $24,891,123. After payment of closing costs, costs of sale and other authorized disbursements at closing, the remaining cash portion of the purchase price was $22,866,662.58. The Motion, p. 3.

priority, or extent of a lien, the initiation of an adversary becomes necessary pursuant to Fed. R. Bankr. P. 7001(2).").[3]

Moreover, even if this Motion was procedurally proper, and even if cause exists under subparagraph (d)(2) or otherwise, relief under 11 U.S.C. § 362 would be inappropriate because of the unresolved third-party claim regarding the Sale proceeds embodied in the Adversary Proceeding, as well as because of the Dennis Group's objection to PUB's proof of claim. Simply put, while the 11 U.S.C. § 362 stay provides a debtor a degree of breathing room, it also provides even footing for similarly situated creditors so that no one creditor obtains an unfair advantage over others. *See* 3 Collier on Bankruptcy P 362.07 (16th 2021) (highlighting that relief from stay may be inappropriate in the context of multiple claims made against insufficient insurance proceeds) ("In such a case, the bankruptcy court should be able to oversee the allocation of the insufficient policy proceeds among the claimants."). And while a claim is presumptively valid when filed, as PUB insists, when such a claim is called in to question or is placed at issue through an adversary proceeding or a contested mater, it is no longer afforded that presumption. *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."). Although PUB insists that stay relief is a discreet issue, one that is unrelated to the Dennis Group's contest regarding its proof of claim or liens, the Court believes that those contests must be addressed in the already pending adversary proceeding as a predicate to stay relief.

Because Rule 7001(2) requires that the extent, validity and priority of PUB's lien be established through an adversary proceeding, which is a necessary finding to any disbursement, and because the Sale Order expressly provides for the reservation of respective rights as between

---

[3] And while Rule 7001(2) exempts certain proceedings from this requirement, those exclusions are not applicable to the present circumstances. *See* Rule 3012 and Rule 4003(d).

the competing claimants in the Sale proceeds, the relief requested is not proper at this juncture. Accordingly, the Motion for Relief from Stay is hereby **DENIED** without prejudice.

As for the Motion to Disburse, which is premised on the offer of adequate protection and adherence to the Connecticut General Statutes relating to the substitution of a bond for a mechanics lien, the Court is reserving judgment on the form of the order and any features of the proposed bond at this juncture. PUB and the Dennis Group have to June 11, 2021, at 10:00 A.M., to propose a mutually agreed upon order that addresses both the sufficiency of the bond and whether the Debtors should be ordered to disburse funds based upon the offer of adequate protection.  If no such agreement is arrived at by that time, the Court will issue its ruling forthwith.

IT IS SO ORDERED at Hartford, Connecticut this 8th day of June 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut