**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| OLD CP, INC., *et al.*[1] | : | Case No. 21-20111 (JJT) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | August 27, 2021 |

**NOTICE OF FILING FINAL APPLICATION FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES BY**
**GREEN & SKLARZ, LLC AS COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| | |
|---|---|
| Name of Applicant: | Green & Sklarz, LLC |
| Authorized to Provide Services For: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 19, 2021[2] |
| Amount of Compensation Sought: | $247,540.00 |
| Amount of Expenses for Which Reimbursement is Sought: | $31.80 |
| Objection Bar Date: | To be set by Court |
| Prior Post-Petition Compensation Paid To Green & Sklarz, LLC: | Fees: $102,763.38[3] / Expenses: $31.80 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Old CP, Inc. (5847) and Suri Realty, LLC (5847). The Debtors' corporate headquarters and service address is 50 Talbot Lane, South Windsor, Connecticut 06074.

[2] *Application of Official Committee of Unsecured Creditors' for Authority to Employ Green & Sklarz, LLC as Counsel* (ECF No. 214) was filed March 4, 2021 and was granted March 18, 2021 (ECF No. 296) *nunc pro tunc* to February 19, 2021.

[3] Green & Sklarz LLC has received 55% of the Amount of Compensation Sought and 100% of its Expenses pursuant to the Monthly Fee Statements that have been submitted in accordance with the Court's *Order Granting Debtors' Motion for Order Establishing Procedures for the Interim Compensation and Reimbursement of Expenses of Professionals* (ECF 329). To date, Green & Sklarz LLC has not received payment pursuant to the *First Interim Application for Allowance of Compensation and Reimbursement of Expenses by Green & Sklarz LLC* (ECF No. 1076). Green & Sklarz LLC's interim application for compensation was granted (ECF No. 1076) but the payment has not been remitted as of the date of this application. Green & Sklarz LLC is requesting additional compensation of $30,307.50, in addition to final approval of fees paid and/or due and owing.

{00231930.1}                                     1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| OLD CP, INC., *et al.* | : | Case No. 21-20111 (JJT) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| | : | August 23, 2021 |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY GREEN & SKLARZ, LLC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to 11 U.S.C. § 330 *et seq.*, Green & Sklarz, LLC ("G&S" or "Applicant") hereby seeks a final award of compensation in the amount of $247,540.00 in attorneys' fees and $31.80 in expenses for a total amount of $247,571.80 for the time period from February 19, 2021 to August 2, 2021 (the "Final Application Period"). The Final Application Period consists of (a) $217,232.50 of previously approved interim attorneys' fees and (b) $31.80 of previously approved interim expenses (*see* ECF No. 1076), and (c) $30,307.50 in attorney's fees and $0.00 in expenses for a total amount of $30,307.50 for the time period from July 1, 2021 to August 2, 2021 (the "July to Aug. Application Period") for services incurred as counsel to the Official Committee of Unsecured Creditors of Carla's Pasta, Inc. (the "Committee") in the chapter 11 proceeding commenced by Carla's Pasta, Inc. ("CPI")[4]. In support hereof, G&S represents as follows:

---

[4] Suri Realty, LLC ("Suri," and sometimes, collectively, with CPI, the "Debtors")

{00231930.1}    2

**INTRODUCTION**

1. On February 8, 2021 (the "Petition Date"), CPI filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, Hartford Division. The Suri Bankruptcy Case was then administratively consolidated with the CPI Bankruptcy Case.

2. Since the Petition Date, Debtors have continued in possession and management of their businesses and property as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3. On February 18, 2021, the United States Trustee, pursuant to Bankruptcy Code § 1102, appointed the Committee. ECF No. 131.

4. After an organizational meeting held by the Committee, the Committee sought authority to employ the law firm of G&S. As such, on March 4, 2021, the Committee filed the *Application of Official Committee of Unsecured Creditors for Authority to Employ Green & Sklarz, LLC as Counsel* (ECF No. 214, the "Interim Application").

5. On March 18, 2021, the Court entered an *Order Granting Application of Official Committee of Unsecured Creditors to Employ Green & Sklarz, LLC* (the "Interim Compensation Order"; ECF No. 296). The Order provided that "the effective date of G&S's retention shall be February 19, 2021."

6. Pursuant to the *Order Granting Debtors' Motion for Order Establishing Procedures for the Interim Compensation and Reimbursement of Expenses of Professionals* (the "Monthly Fee Order"; ECF 329) entered by this Court on March 24, 2021, Applicant has

submitted monthly fee statements and has received 55% of its fees and 100% of its expenses. As of July 12, 2021, Applicant has received $102,795.18 as an interim payment from CPI.

7.  On August 12, 2021, the Court approved the *First Interim Application for Allowance of Compensation and Reimbursement of Expenses by Green & Sklarz LLC* (ECF No. 1076, the "First Fee Application Order"), for fees in the amount of $ 217,232.50 and expenses in the amount of $31.80.

8.  On August 2, 2021, the Court entered an *Order Confirming First Amended Joint Chapter 11 Plan of Liquidation of the Debtors* (ECF No. 1054, the "Confirmation Order").

9.  Pursuant to the *First Amended Plan of Reorganization* (the "Confirmed Plan") all chapter 11 administrative fees must be paid on the Effective Date.

10. At this time the Committee is seeking approval of $247,571.80 as a final order of compensation for G&S, with $102,795.18 having already been paid pursuant to Monthly Fee Order and $144,776.62[5] presently due based on the Interim Compensation Order and this Application.

11. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is appropriate in this District under 28 U.S.C. §§ 1408 and 1409.

## SUMMARY OF SERVICES RENDERED

12. Applicant has extensive experience in the fields of bankruptcy law, tax law, and civil and commercial litigation. Attorneys with G&S have served on bankruptcy committees for local, state, and national bar associations, have published and spoken frequently on bankruptcy

---

[5] As of the date of this filing, G&S has not received payment for compensation pursuant to the First Fee Application Order.

topics, have served as judicial law clerks with other bankruptcy courts, and have acquired LL.M. degrees in tax law.

13. Services in this case have been performed primarily by attorney Jeffrey M. Sklarz, a member of Applicant. Attorney Sklarz's practice emphases include bankruptcy law, bankruptcy litigation, restructuring, and the use of bankruptcy to resolve civil tax issues. Attorney Sklarz has also been assisted by Lawrence Grossman, a member of G&S, Kellianne Baranowsky, a partner with G&S, and Susan Lamar, CPA, who has provided assistance reviewing and interpreting financial information provided.

14. Applicant has rendered extensive professional services to the Committee during the pendency of these bankruptcy cases.

15. In support of the brief presentation that follows, Applicant has annexed its time records hereto as Exhibit A, for the time period from July 1, 2021 to August 2, 2021. The time records have been maintained by Applicant contemporaneously with the services rendered. The services provided have been itemized at 0.1-hour intervals. A detailed description of legal fees incurred in the performance of the Applicant's duties as counsel to the Committee is included in Exhibit A.

16. Additionally, the prior fee application filed by G&S is attached hereto as Exhibit B. The time records from the prior fee application are incorporated herein by reference and made a part hereof.

17. It is respectfully submitted that Applicant's time records present only an administrative record of the time devoted to the legal issues in this case. Records cannot, by themselves, fully convey the nature of the services performed.

18. Following is a summary of tasks performed by G&S during the Application Period from July 1, 2021 through the Effective Date. G&S incorporates by reference additional information in its Interim Compensation Application and Monthly Fee Statements. These prior fee applications set forth the tasks performed by the G&S for the Committee for the prior periods.

    a. <u>Motion for Substantive Consolidation:</u> Extensive review and research regarding Dennis Group's Motion to Consolidate and Amended Motion to Consolidate. Attention and discussions regarding settling motion for consolidation; discussions with lenders regarding same and updates to Committee. Ultimately, Dennis Group withdrew the motion.

    b. <u>Confirmation Hearing</u>: Extensive negotiations and preparation for confirmation hearing. Prepared objections to Dennis Group's motion to convert the case, which Dennis Group withdraw on the record.

    c. <u>Communication with Committee/Parties-in-Interest</u>: Ensure Committee was properly informed and advised as to issues in the case. Communicate Committee views and prospective to other parties-in-interest. Wrap-up committee work and attention to transitional items.

    d. <u>Case Administration and General Matters</u>: Review correspondence and procedural motions. Forward recommendations to Committee for review and taking of positions on matters.

    e. <u>Professional Applications</u>: Filing of G&S fourth monthly fee statement. Filing of G&S First Interim Application for Compensation and attendance at hearing.

    f. <u>Monthly Operating Reports</u>: Throughout the Application Period, members of Applicant have closely reviewed CPI's monthly operating reports and weekly

financial reporting and have worked with CPI's principals and counsel to provide answers to the Committee when CPI's figures and/or accounting methods are not readily understandable.

      g.    <u>Objection to Dennis Group Claim</u>:  Prepared and filed objection to Dennis Group claim in the CPI estate.

      h.    <u>Miscellaneous</u>: Reviewed and analyzed all matter relevant to issues concerning unsecured creditors, including adversary proceedings, and other matters.

## BASIS FOR RELIEF REQUESTED

19.    Section 331 of the Bankruptcy Code provides that a professional retained under § 327 of the Bankruptcy Code may apply to the Court for an interim award of compensation or reimbursement of expenses not more than once every 120 days, unless the court permits more frequent applications. 11 U.S.C. § 331.  Applicant has previously filed an application for an interim award of compensation and expenses.

20.    The standards for a final award of compensation and expenses under § 330 also govern an interim application.  11 U.S.C. § 331.  Section 330(a)(1) permits an award of either:

      a.    "[R]easonable compensation for actual, necessary services rendered"; and

      b.    "[Reimbursement for actual, necessary expenses."

21.    Section 330 further provides guidance as to the relevant considerations for analyzing whether the requested compensation is reasonable:

> In determining what constitutes reasonable compensation…the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

22. The Court enjoys "considerable discretion in determining reasonable fee awards." *In re Ahead Communications Systems, Inc.,* 395 B.R. 512 (D. Conn. 2008). Generally, compensation should be awarded for services that were either (1) reasonably likely to benefit the estate at the time they were rendered, or (2) necessary to the administration of the estate, so long as such services were not needlessly duplicative. 11 U.S.C. § 330(a)(4)(A).

23. Applicant asserts that the foregoing summary and the attached Exhibit A demonstrate the actual services Applicant has rendered in connection with this case have been necessary in order to fully represent the best interests of CPI's general unsecured creditors and have therefore been necessary to the administration of the estate.

**RELIEF REQUESTED**

24. Applicant seeks a final award for services rendered and expenses incurred from February 19, 2021 through and including August 2, 2021.

25. Specifically, with respect to the July to Aug. Application Period, Applicant seeks an award of fees in the amount of $30,307.50 and expenses in the amount of $0 for a total award of $30,307.50 incurred for professional services rendered during the July to Aug. Application Period.

26. Applicant further seeks (1) a final award of fees in the aggregate amount of $247,540.00, together with reimbursement of expenses in the aggregate amount of $31.80, for a

total award of $247,571.80 for services rendered during the pendency of this case from February 19, 2021 to August 2, 2021 (which includes the July to Aug. Application Period); and (2) this Court's final approval of payments previously made to Applicant pursuant to this Court's First Fee Application Order.

27. As set forth in Applicant's time records annexed hereto as <u>Exhibit A</u>, Applicant has maintained records indicating the name of each attorney or staff member, the time spent working on a matter, and the nature of the work performed. The records were made contemporaneously with the rendition of services.

28. Applicant respectfully submits that the hourly rates for each attorney involved in this matter, as well as the awards requested herein, are reasonable under the circumstances. Time spent was kept to the minimum reasonably necessary to render effective service. There was minimal, if any, duplication of services.

29. Various personnel of Applicant worked on the matters in these bankruptcy cases depending on the expertise required. Attorney Sklarz has served as lead attorney in this case, working closely with other personnel of Applicant.

30. Applicant submits that the fees and expenses requested herein are reasonable, given the issues encountered in this case.

31. In sum, G&S has diligently and efficiently represented the Committee and worked with the Committee and Debtors to maximize the value of the estate and the return for general unsecured creditors.

**WHEREFORE**, the Applicant prays that a final order of compensation be made to it in the sum of $247,571.80 for the time period from February 19, 2021 through and to August 2, 2021, consisting of $217,264.30 of previously approved interim compensation (*see* ECF No.

1076) and $30,307.50 for July 1, 2021 through August 2, 2021, as final compensation for professional services rendered to the Committee and afford Applicant such other relief as the Court deems just and proper.

                                      Respectfully submitted,

                                      GREEN & SKLARZ, LLC

                                      By:    /s/ Jeffrey M. Sklarz
                                                     Jeffrey M. Sklarz (ct20938)
                                                     Green & Sklarz, LLC
                                                     1 Audubon St, Third Fl
                                                     New Haven, CT 06511
                                                     (203) 285-8545
                                                     Fax: (203) 823-4546
                                                     jsklarz@gs-lawfirm.com