**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Old CP, Inc., et al.,[1] | Case No: 21-20111 (JJT) |
| Reorganized Debtors. | **Related to Docket Nos. 1131, 1160, 1167** |
| | October 26, 2021 |

**SECOND CONSENT MOTION OF NFP REAL ESTATE LLC AND CP FOODS LLC FOR CONTINUANCE OF HEARING SET FOR NOVEMBER 9, 2021, AT 12:00 P.M.**

NFP Real Estate LLC and CP Foods LLC (together, the "Purchasers"), the purchasers of substantially all of the assets of the former debtors in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), respectfully move (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") continuing the hearing currently scheduled for November 9, 2021 at 12:00 p.m. on the *Liquidating Custodian's Application for Attorneys' Fees Related to Ruling and Order on Motion to Compel* [Dkt. Ent. 1131] (the "Application") for 30 days, to approximately December 9, 2021, or the closest date on which this Court is available and extending the deadline for objections to the Application to be adjourned until 14 days before the continued hearing date, or such date as this Court deems appropriate. The relief requested in the Motion is supported by the Liquidating Custodian. In support of the relief sought herein, the Purchasers respectfully state as follows:

---

[1] The name of each reorganized Debtor and its federal tax identification number, respectfully, is Old CP, Inc. (5847) and Suri Realty, LLC (5847).

23209472-v3

**SUMMARY OF REQUESTED RELIEF**

1. The Purchasers, through this Motion, and with the consent of the Liquidating Custodian, respectfully request the entry of an order further continuing the hearing originally scheduled for Wednesday, October 20, 2021 (the "Original Hearing Date"), and previously extended by this Court to Tuesday, November 9, 2021 (the "Current Hearing Date") to a date that is on or about 30 days from the Current Hearing Date (the "Requested Hearing Date"), if needed, with the deadline for objections to the Application to be adjourned until 14 days before the Requested Hearing Date, or such date as this Court deems appropriate (the "Continued Objection Deadline").

2. As the Court is aware, the Purchasers and the Liquidating Custodian have been in continued discussions intended to result in a consensual resolution of the Application, subject to the Court's approval. The parties have exchanged drafts of the proposed settlement agreement (the "Settlement Agreement"), have had meaningful settlement discussions in the context of the aforesaid drafts, and anticipate that they shortly will agree upon a final form. The Liquidating Trustee anticipates filing a motion for approval of a consensual settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Settlement Motion") within approximately two weeks. The Settlement Motion would moot the need for consideration of the Application by this Court.

3. The parties believe good cause exists for adjourning the hearing from the Current Hearing Date to the Requested Hearing Date. Based on their good faith conversations to date and to the substantial progress they have achieved on the Settlement Agreement, the additional time will enable the parties to complete the Agreement and related documentation, including the

Settlement Motion, and reduce the investment of time and resources in motion practice and hearing preparation related to the Application that may prove unnecessary.

## JURISDICTION

4. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The predicate for the relief requested herein is Bankruptcy Code §105, Bankruptcy Rules 9006, 9013, and 9014.

## PROCEDURAL BACKGROUND

5. On October 29, 2020, an involuntary petition for relief under chapter 7 of the Bankruptcy Code was filed against debtor Suri Realty, LLC. *See* Case No. 20-21270 at Dkt. Ent. 1. An order converting the involuntary chapter 7 bankruptcy case to a voluntary case under chapter 11 of the Bankruptcy Code was entered on December 17, 2020. *See id.* at Dkt. Ent. 30.

6. On February 8, 2021 (the "Petition Date"), Carla's Pasta, Inc. commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. Prior to the Effective Date (as defined in the Plan) of the Plan (as defined below), the Debtors operated and managed their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8. On February 18, 2021, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors. The Committee was disbanded on the Effective Date.

9. No trustee or examiner was appointed in these Chapter 11 Cases.

10. On March 9, 2021, this Court entered its *Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Approving the Form and Matter of Notice Thereof, (C) Approving Procedures for the Assumption*

*and Assignment of Contracts, (D) Scheduling an Auction and a Sale Hearing, and (E) Granting Related Relief* [Dkt. Ent. 247] (the "Bidding Procedures Order"), approving the auction and bidding procedures annexed thereto as Exhibit 1 pertaining to the sale of substantially all of the assets of the Debtors.

11. On March 19, 2021, the Debtors identified Tribe 9 Foods LLC, or its designee, as the Stalking Horse Bidder [Dkt. Ent. 313].

12. On March 26, 2021, the Debtors filed a *Notice of Filing Asset Purchase Agreement Between Debtors and Designated Stalking Horse* [Docket No. 336]. On April 14, 2021, the Debtors filed their *Notice Pursuant to Section 12.6 of the Asset Purchase Agreement* [Dkt. Ent. 400] of the assignment of the Amended and Restated Asset Purchase Agreement, dated as of March 26, 2021 (as amended and restated on April 19, 2021, the "APA"), between the above-captioned debtors (the "Debtors"), the Purchasers, and Natural Foods Partners, LLC, as Assignor, ultimately designating NFP Real Estate LLC as the purchaser of the Real Property and CP Foods as the Purchaser of all of the Purchased Assets other than the Real Property.

13. On April 15, 2021, in accordance with the Bidding Procedures Order, the Debtors held an auction to determine the highest and best offer for the Debtors' assets. At the conclusion of the auction, the Debtors identified NFPRE and CP Foods as the Successful Bidders.

14. On April 20, 2021, the Debtors filed a copy of the APA with this Court [Dkt. Ent. 430].

15. On April 21, 2021, the Court entered its *Order (A) Approving the Sale of the Debtors' Assets, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief as Revised by the Court* [Dkt. Ent.

451] (the "Initial Sale Order") and the *Bench Ruling on Debtors' Motion to Sell Free and Clear* (the "Bench Ruling").

16. April 26, 2021, following further proceedings, the Court entered its *Order (A) Approving the Sale of the Debtors' Assets, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Dkt. Ent. 486] revising its Initial Sale Order and a Revised Bench Ruling [Dkt. Ent. 488] revising the Bench Ruling.

17. On June 28, 2021, the Purchasers filed their *Motion for an Order Compelling Debtors' Compliance with Asset Purchase and Sale Order* [Dkt. Ent. 873] (the "Motion to Compel"), to which the Debtors filed a response on July 12, 2021 [Dkt. Ent. 923], which response was joined by People's United Bank, National Association [Dkt. Ent. 924].

18. On July 15, 2021, this Court held a hearing on the Motion to Compel. That hearing was continued to July 28, 2021, and the Motion to Compel was taken under advisement at the conclusion thereof.

19. On August 2, 2021, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming First Amended Joint Chapter 11 Plan of Liquidation of the Debtors* [Dkt. Ent.1054] (the "Confirmation Order") in connection with the *First Amended Joint Chapter 11 Plan of Liquidation of the Debtors* (the "Plan"). In accordance with the Confirmation Order, upon the Effective Date of the Plan, the Liquidating Custodian succeeded to substantially all of the rights, powers and duties of the Debtors.

20. On August 17, 2021, the Debtors filed and served that certain *Notice of Occurrence of Effective Date* [Dkt. Ent.1094], stating that the Effective Date of the Plan occurred on August 17, 2021.

21. On August 31, 2021, the Court entered its Ruling and Order denying the Motion to Compel [Dkt. Ent. 1108], and also entered a scheduling order (the "Initial Scheduling Order") with respect to a possible award of legal fees and expenses to the Reorganized Debtors in connection therewith. [Dkt. Ent. 1110].

22. Pursuant to the Initial Scheduling Order, the Liquidating Custodian filed the Application on September 14, 2021.

23. Following the commencement of discussions, the parties agreed, pending this Court's approval, to adjourn the hearing on the Application pending a possible settlement. Accordingly, on October 1, 2021, the Purchasers filed the Consent Motion of NFP Real Estate LLC and CP Foods LLC for Continuance of Hearing Set for October 20, 2021 at 11:00 a.m. [Dkt. Ent. 1160] (the "Initial Consent Motion").

24. By Order dated October 5, 2021 [Dkt. Ent. 1167] (the "Initial Consent Order"), this Court granted the Initial Consent Motion, setting (i) October 26, 2021 as the deadline for filing objections to the Application; (ii) November 2, 2021 as the deadline for any further briefing, and (iii) November 9, 2021 at 12:00 p.m. as the date and time for the hearing on the Application.

## BASIS FOR RELIEF REQUESTED

25. By this Motion, the Purchasers seek entry of an order continuing the Current Hearing Date, scheduled for Tuesday, November 9, 2021, to the Requested Hearing Date, a date that is on or about 30 days from the Current Hearing Date, with the deadline for objections to the Application to the Continued Objection Deadline.

26. The requested continuance would serve the interests of efficiency and equity. The Purchasers and the Liquidating Custodian have been negotiating in good faith, and have made meaningful progress toward a settlement that would resolve the Application in its entirety without

the need for further litigation of the relief requested therein. The parties contemplate filing a motion under Rule 9019 to approve a settlement that embodies the resolution currently being negotiated. If this Motion is granted, the parties will be able to use the time that they would otherwise spend on responsive pleadings and hearing preparation to complete negotiations and memorialize their agreement for presentation to this Court.

27. Section 105 of the Bankruptcy Code grants the bankruptcy court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, bankruptcy courts hold discretionary authority to control their own dockets and to grant continuances of hearings or trials. *See U.S. v. Orlando*, 553 F.3d 1235, 1237 (9th Cir. 2009); *see also Sapir v. Sartorius*, 230 B.R. 650, 657 (S.D.N.Y. 1999), *aff'd sub nom. In re Sapir*, 205 F.3d 1324 (2d Cir. 2000) (holding that bankruptcy court has broad discretion to decide motion for continuance); *In re Matter of Larson*, 64 B.R. 102, 104 (Bankr. W.D. Mo. 1986).

28. Bankruptcy Rule 9006(b)(1) provides that the Court may, within its discretion and for good cause shown, extend the deadlines set forth in a notice or court order. *See* Fed. R. Bankr. P. 9006(b)(1) ("for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order").

29. Here, cause exists to further continue the hearing on the Application. The parties have made significant progress on the Settlement Agreement, and the further continuance sought herein will facilitate the parties' ability to complete the Settlement Agreement and related documentation, and reduce administrative costs by eliminating the need to prepare for and hold a contested hearing on the Application. The parties have agreed and respectfully request that the hearings set for the Current Hearing Date will not go forward, if at all, until the Requested Hearing

Date. The parties will continue to work toward a consensual resolution of the Application, with a view toward filing the Settlement Motion on or about the proposed Continued Objection Deadline.[2]

30. As noted above, the Liquidating Custodian has consented to the relief requested herein.

## PREVIOUS RELIEF

31. The Court previously entered the entered the Initial Consent Order. Purchaser has not otherwise previously sought the relief requested herein from this Court or any other Court.

## NOTICE

32. The Purchasers will serve this application on (i) the Liquidating Custodian and (ii) all parties requesting notice in these Chapter 11 Cases.

**WHEREFORE** the Purchasers respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

---

[2] As motions under Fed. Bankr. R. 9019 require 21 days' notice, the parties anticipate requesting a new hearing date in connection with the filing of the Settlement Motion. If the Court, however, sets a Requested Hearing Date that is more than 21 days from the Continued Objection Deadline, the parties may be able to use such date for a hearing on the Settlement Motion.

Dated: Hartford, CT
October 26, 2021

                                        */s/  Patrick M. Birney*
                                        Patrick M. Birney (CT No. 19875)
                                        **ROBINSON & COLE LLP**
                                        280 Trumbull Street
                                        Hartford, CT 06103
                                        Telephone:  (860) 275-8275
                                        Facsimile:  (860) 275-8299
                                        E-mail:  pbirney@rc.com

                                        *Counsel to NFP Real Estate LLC and CP*
                                        *Foods LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2021, a copy of the foregoing motion and the exhibits thereto were filed electronically and shall be served as required by Local Bankruptcy Rule 9013-2(b), with notice of this filing being sent by email to all Notice Parties by operation of the court's electronic filing system or by First Class U.S. mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties in interest may access this document through the court's CM/ECF System.

      */s/ Patrick M. Birney*
      Patrick M. Birney