**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

|  |  |  |
|---|---|---|
| In re: | : : | |
| OLD CP, INC., *et al.*,[1] | : : : | Chapter 11<br><br>Case No. 21-20111 JJT |
| Debtors. | : : : | (Jointly Administered) |

**DECLARATION OF ADRIENNE K. WALKER IN OPPOSITION TO THE MOTION OF TOWN OF SOUTH WINDSOR FOR RELIEF FROM ORDER GRANTING DEBTORS' MOTION FOR DETERMINATION OF TAX LIABILITY**

I, Adrienne K. Walker, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. My name is Adrienne K. Walker. I am over the age of 21 and am fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein, and they are true and correct.

2. I am an attorney licensed to practice in the Commonwealth of Massachusetts and I am a partner in the law firm of Locke Lord LLP ("Locke Lord") in Boston, Massachusetts. My law firm and I represented Old CP, Inc. f/k/a Carla's Pasta, Inc. ("Carla's Pasta") and Suri Realty, LLC ("Suri" and together with Carla's Pasta, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"). I was personally involved in the representation of the Debtors in these cases from before the above-captioned bankruptcy proceedings commenced

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Old CP, Inc. f/k/a Carla's Pasta, Inc. (5847) and Suri Realty, LLC (5847). The Debtors' corporate headquarters and service address is 50 Talbot Lane, South Windsor, Connecticut 06074.

1

95797499v.3

through the Debtors' emergence from Chapter 11 on August 17, 2021, and I acquired personal knowledge of the facts set forth in this Declaration in that capacity.

3. I submit this Declaration in opposition to the *Motion of Town of South Windsor for Relief from Order Granting Debtors' Motion for Determination of Tax Liability* [ECF 1002] (the "Motion for Reconsideration") filed by the Town of South Windsor (the "Town"). In particular, this Declaration concerns the Town's assertion that it was not served with notice of *Debtors' Motion to Determine Tax Liability Under 11 U.S.C. § 105 and 505* [ECF 483] (the "Tax Determination Motion").

4. Contrary to the Town's assertion that it did not receive notice of the Tax Determination Motion, on April 26, 2021, I filed the Tax Determination Motion and I personally oversaw the service of the Tax Determination Motion upon, among others, the Town.

5. I attested to service of the Tax Determination Motion in the Certificate of Service appended to the Tax Determination Motion. As set forth in such Certificate of Service, I certified that the Town would be served with the Tax Determination Motion that same day. As is my customary and usual practice when I serve pleadings in bankruptcy cases, at approximately 1:29 p.m. (ET) on April 26, 2021, I provided specific direction to my administrative assistant on which parties are not CM/ECF registered users and require service by first class mail, including the Town. To that end, contemporaneous with filing the Tax Determination Motion, our office confirmed service of the Tax Determination Motion, including to the Town. A true and accurate copy of the instructions to serve the Tax Determination Motion is attached hereto as Exhibit A and incorporated herein by reference (the "Confirmation of Service").

6. As set forth in the Confirmation of Service, I requested that the Tax Determination Motion be mailed to the Town at the following address:

95797499v.3

>Town of South Windsor
>Attn: Tax Collector and Tax Assessor
>1540 Sullivan Avenue
>South Windsor, CT 06074

7.   As further set forth in the Confirmation of Service, at 1:35 p.m. (ET) a staff member of Locke Lord's Boston mailroom team emailed my assistant and me, stating "[t]hese are all set to be mailed out today." After a diligent review, I have no information to suggest that the Tax Determination Motion, after it was mailed to the Town, was ever returned back to me or my office as undelivered mail.

8.   The Confirmation of Service is an ordinary business record maintained by Locke Lord in the regular course of business. It was the regular course of business for an employee or other representative of Locke Lord, with knowledge of the act, event, condition, opinion, or diagnosis recorded, to make the record or to transmit information thereof to be included in such records, and the records were made at or near the time or reasonably soon thereafter. The record attached hereto is the original, exact duplicate of the original, or reprint of the original.

9.   Based upon my personal involvement in coordinating and supervising the mailing of the Tax Determination Motion to the Town, and the fact that the Tax Determination Motion was never returned as undelivered, I have no reason to believe that the Tax Determination Motion was not received by the Town.

10.   Furthermore, the Town's lack of a response to the Tax Determination Motion had been consistent with other pleadings served on the Town in these bankruptcy cases notifying the Town that its rights may be affected or impaired.

11.   During the course of the Chapter 11 Cases prior to the Tax Determination Motion, I became aware that the Town was not taking actions that may be viewed as protecting its interests in the Chapter 11 Cases. During the several months preceding the Tax Determination Motion, the

95797499v.3

Debtors caused several notices and pleadings to be served on the Town at the address of 1540 Sullivan Avenue, South Windsor, CT 06074—in addition to the Tax Determination Motion—that would have a direct impact on the Town, but that the Town did not responded:

| **Pleadings and Notices Served on Town of South Windsor** | | | |
|---|---|---|---|
| **Document Served & ECF No.[2]** | **Service Date** | **Certificate of Service ECF No.** | **Entity Served** |
| Notice of Ch. 11 Case [ECF 24] (BK Court Served via BNC) | February 8, 2021 | ECF 24 | Town of S. Windsor; Town of S. Windsor – Tax Collector |
| Motion to Pay Certain Prepetition Tax Obligations [ECF 21] | February 12, 2021 | ECF 141 | Town of S. Windsor – Tax Collector |
| Motion for Emergency Consideration of Certain "First Day Matters" [ECF 22] | February 12, 2021 | ECF 141 | Town of S. Windsor – Tax Collector |
| Order Granting Motion to Pay Certain Prepetition Tax Obligations [ECF 61] | February 12, 2021 | ECF 141 | Town of S. Windsor – Tax Collector |
| Notice of Bidding Procedures and Deadlines Regarding Proposed Sale [ECF 247] | March 11, 2021 | ECF 294 | Town of S. Windsor (twice); Town of S. Windsor – Tax Collector |
| Notice of Potentially Assumed Contracts and Lease and Cure Amounts [ECF 277] | March 16, 2021 | ECF 300 | Town of S. Windsor |
| Notice of Designation of Stalking Horse Bidder [ECF 313] | March 20, 2021 | ECF 335 | Town of S. Windsor; Town of S. Windsor – Tax Collector |
| Supplemental Bar Date Motion [ECF 342] | April 2, 2021 | ECF 355 | Town of S. Windsor – Tax Collector |
| Supplemental Bar Date Notice | April 9, 2021 | ECF 396 | Town of S. Windsor – Tax Collector |
| Notice of Proposed Assignment of Executory Contracts and Unexpired Leases [ECF 414] | April 16, 2021 | ECF 433 | Town of S. Windsor – Tax Collector |
| First Supplemental Order Extending Cash Collateral Use [ECF 513] | April 30, 2021 | ECF 520 | Town of S. Windsor – Tax Collector |
| Debtors' Motion to Approve Disclosure Statement [ECF 668] | May 29, 2021 | ECF 708 | Town of S. Windsor – Tax Collector |

---

[2] Formal titles to pleadings and notices have been shortened and summarized for readability purposes and to conserve space.

| Pleadings and Notices Served on Town of South Windsor | | | |
|---|---|---|---|
| **Document Served & ECF No.[2]** | **Service Date** | **Certificate of Service ECF No.** | **Entity Served** |
| and Expedited Motion to Consider the Same [ECF 669] | | | |
| Notice of Hearing Regarding Disclosure Statement and Plan Solicitation Procedures [ECF 700] | June 3, 2021 | ECF 713 | Town of S. Windsor – Tax Collector |
| First Amended Disclosure Statement [ECF 802]; Order Approving First Amended Disclosure Statement [ECF 835]; Class 3 Ballot [ECF 835] | June 23, 2021 | ECF 862 | Town of S. Windsor |
| Notice of Approval of Disclosure Statement and Deadline for Objecting to Plan [ECF 835]; | June 23, 2021 | ECF 862 | Town of S. Windsor; Town of S. Windsor – Tax Collector |

12. As reflected above, and a part of the Debtors' sale of substantially all of their assets (the "Sale"), I caused the Debtors to file and serve, among others, that certain *Notice of Proposed Assignment of Executory Contracts and Unexpired Leases* [ECF 414] (the "Assignment Notice"). The Assignment Notice was timely served upon the Town. The Assignment Notice expressly stated the Debtors' intention to assume and assign certain executory contracts to the proposed buyer, ***including*** that certain Agreement Regarding Real Property Tax Assessment, dated October 3, 2019 (the "Tax Abatement Agreement"). The Assignment Notice listed the cure amount for the Tax Abatement Agreement as $0.00. *See* ECF 277 at p. 6. Finally, the Assignment Notice stated that any party that objects to the proposed assignment of their agreement, or proposed cure amount, must file an objection to the proposed assumption and assignment prior to the Sale Hearing.

13. Notably, the Town did not respond to the Assignment Notice prior to the Sale Hearing or otherwise attend the Sale Hearing. At the Sale Hearing, the Bankruptcy Court expressly considered the assumption and assignment of Tax Abatement Agreement and engaged in a

thorough colloquy with me concerning the due and proper service of the Assignment Notice and other pleadings relating to the Sale. As provided in the Bankruptcy Court's order approving the Sale, the Bankruptcy Court found that the Town received due and proper notice of the proposed assignment and assumption of the Tax Abatement Agreement. *See* ECF 486 (the "Sale Order"). Pursuant to paragraph 22 of the Sale Order, the Bankruptcy Court ruled as follows:

> For the avoidance of doubt, the Agreement Regarding Real Property Tax Assessment, dated October 3, 2019 and between the Town of South Windsor and the Debtors is an Assumed Contract (the "Abatement Agreement"). The Town of South Windsor having received due and proper notice of: (a) the Motion; (b) the notice of potential assumption and assignment of, among others, the Abatement Agreement [Docket Nos. 277 and 300]; and (c) the notice of proposed assignment of, among others, the Abatement Agreement [Docket No. 414] and having failed to file or make an objection to the entry of this Order, including the assumption and assignment of the Abatement Agreement shall be deemed to constitute such party's consent to the assumption and assignment of the Abatement Agreement to the Purchasers with a Cure Amount of $0.00.

Sale Order, ¶ 22.

14. Finally, the Debtors' records show no evidence that the Town filed a proof of claim asserting any amounts due despite being served with the Notice of Chapter 11 Case (identifying a general bar date) and both the Supplemental Bar Date Motion and the Supplemental Bar Date Notice.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of August 2021

_____
Adrienne K. Walker

95797499v.3

# Exhibit A

95797499v.3

**Walker, Adrienne**

| | |
|---|---|
| **From:** | BOSTON MAILROOM <BostonIkon@lockelord.com> |
| **Sent:** | Monday, April 26, 2021 1:35 PM |
| **To:** | Walker, Adrienne |
| **Cc:** | Humeniuk, Stephen; Barretto, Annie |
| **Subject:** | RE: MAILING - FW: PACER Redirect Notice - 21-20111 Motion to Use Cash Collateral |

Good afternoon.

These are all set to be mailed out today.

Thanks,
Sue

**From:** Walker, Adrienne <awalker@lockelord.com>
**Sent:** Monday, April 26, 2021 1:29 PM
**To:** BOSTON MAILROOM <BostonIkon@lockelord.com>
**Cc:** Humeniuk, Stephen <stephen.humeniuk@lockelord.com>; Barretto, Annie <Annie.Barretto@lockelord.com>
**Subject:** RE: MAILING - FW: PACER Redirect Notice - 21-20111 Motion to Use Cash Collateral

Another request.  Please print double sided and send to the same folks (plus the addition for the Town of South Windsor).  Thank you!

Deborah Basile
Doherty Wallace Pillsbury Murphy P.C.
One Monarch Place
Suite 1900
Springfield, MA 01144-1900

George W. Fitting
Duane Morris LLP
U.S. Steel Tower
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2802

Jami B. Nimeroff
Brown McGarry Nimeroff LLC
Two Penn Center, Suite 610
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102

Town of South Windsor
Attn: Tax Collector and Tax Assessor
1540 Sullivan Avenue
South Windsor, CT 06074

**Adrienne Walker**
Partner

1

**Locke Lord LLP**
111 Huntington Avenue
Boston, MA 02199
O: 617-239-0211
M: 508-654-9550
awalker@lockelord.com
View My **BIO** | Connect on **LinkedIn** | Visit **lockelord.com**

---

**From:** Barretto, Annie <Annie.Barretto@lockelord.com>
**Sent:** Monday, April 26, 2021 9:56 AM
**To:** BOSTON MAILROOM <BostonIkon@lockelord.com>
**Cc:** Walker, Adrienne <awalker@lockelord.com>; Humeniuk, Stephen <stephen.humeniuk@lockelord.com>
**Subject:** MAILING - FW: PACER Redirect Notice - 21-20111 Motion to Use Cash Collateral

Hello,

Please see Adrienne's request below regarding mailing the attached document.   c/m#1569645.00001

Let me know if you have any questions.

Thank you.

~Annie



**Annie Barretto**
Legal Secretary
**Locke Lord LLP**
111 Huntington Avenue
Boston, MA 02199-7613
+1 617 239 0623 Direct
+1 617 227 4420 Fax
annie.barretto@lockelord.com
www.lockelord.com

---

**From:** Walker, Adrienne <awalker@lockelord.com>
**Sent:** Monday, April 26, 2021 8:06 AM
**To:** Barretto, Annie <Annie.Barretto@lockelord.com>
**Cc:** Humeniuk, Stephen <stephen.humeniuk@lockelord.com>
**Subject:** FW: PACER Redirect Notice - 21-20111 Motion to Use Cash Collateral

Good morning,
Would you please have the attached mailed first class regular to the folks below.  Thanks!

Deborah Basile
Doherty Wallace Pillsbury Murphy P.C.
One Monarch Place
Suite 1900
Springfield, MA 01144-1900

George W. Fitting
Duane Morris LLP
U.S. Steel Tower
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2802


Jami B. Nimeroff
Brown McGarry Nimeroff LLC
Two Penn Center, Suite 610
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102


**Adrienne Walker**
Partner
**Locke Lord LLP**
111 Huntington Avenue
Boston, MA 02199
O: 617-239-0211
M: 508-654-9550
**awalker@lockelord.com**
View My **BIO** | Connect on **LinkedIn** | Visit **lockelord.com**