**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

---------------------------------------------------------- X
In re:                                                     :    Chapter 11
                                                           :
CARLA'S PASTA, INC., ET AL.,                               :    Case No. 21-20111-JJT
                                                           :
                    Debtors.                               :    (Jointly Administered)
                                                           :
                                                           X
                                                           :
SURI REALTY LLC,                                           :
                                                           :
                                                           :
                    Movant,                                :
                                                           :
                                                           :
v.                                                         :
                                                           :    December 7, 2021
                                                           :
TOWN OF SOUTH WINDSOR,                                     :
CONNECTICUT,                                               :
                                                           :
                                                           :
                    Respondent,                            :
                                                           X

**REPLY OF TOWN OF SOUTH WINDSOR**
**ON ISSUE OF NOTICE ON MOTION FOR RELIEF**

The Town of South Windsor (the "Town") hereby submits this response in further support of its motion for relief from this Court's *Order Granting Debtors' Motion to Determine Tax Liability Under 11 U.S.C. § 105 and 505* filed on July 22, 2021 (ECF No. 1002) (the "Motion for Relief") addressing solely the issue of the Debtors' failure to provide notice of the Motion for Determination of Tax Liability filed on April 26, 2021 (ECF No. 483) (the "Tax Motion"). As set forth herein, the Motion for Relief should be granted because the Debtors have failed to carry their burden to show that the Tax Motion was served upon the Town. The Tax Motion – unlike all other documents mailed to the Town in this case – was simultaneously addressed to both the Tax Collector and the Tax Assessor, two separate and distinct departments within the Town located at the same address.

The Debtors cannot show that either department received the single mailing purportedly made by them. Moreover, the declaration submitted by the Debtors' counsel fails to identify what document was served or that the mailing actually occurred. Accordingly, the Court should overrule the Debtors' Objection and grant relief from the Tax Order to consider the Tax Motion on its merits.

## ARGUMENT

It is well settled that "mail which is properly addressed, stamped and deposited in the mail system creates a rebuttable presumption of receipt by the party to whom it has been addressed." *Cablevision Sys. Corp. v. Malandra (In re Malandra),* 206 B.R. 667, 673 (Bankr. E.D.N.Y. 1997) (*citing In re R.H. Macy & Co.,* 161 B.R. 355, 359 (Bankr. S.D.N.Y.1993)). If a presumption of receipt arises, the addressee's allegation of non-receipt is insufficient to rebut the presumption. *Id.*; *In re Wintrade, Inc.,* No. 01–13007–AJG, 2007 WL 3104029, at *1 (Bankr. S.D.N.Y. Oct. 22, 2007).

Where a sender makes a mistake in addressing a letter, courts have found either that no presumption or that a weakened presumption of receipt may arise. *See In re Horton,* 149 B.R. 49, 57–58 (Bankr. S.D.N.Y. 1992) (recognizing the doctrine of a weakened presumption of receipt, but not applying it under the circumstances); *In re Randbre Corp.,* 66 B.R. 482, 486 (Bankr. S.D.N.Y. 1986); *see also In re La Rouche Indus., Inc.,* 307 B.R. 774, 779–81 (D. Del. 2004) (finding no presumption arose or, in the alternative, a weakened presumption of receipt arose when mail was addressed to "Drive Hicks Boulevard" instead of the correct street, "Doctor Hicks Boulevard"); *In re Longardner & Assocs., Inc.,* 855 F.2d 455, 460 (7th Cir.1988) ("[T]he presumption of delivery may be weakened by the absence of a zip code. . . ."). A weakened presumption of delivery may be rebutted by testimony of non-receipt. *See La Rouche Indus.,* 307 B.R. at 781.

-3-

At the outset, the Town notes that the certificate of service appended to the Tax Motion and notice of hearing thereon failed to identify the manner of service upon the Town or the address upon which service was made, as required by this Court's Local Rules. L. Bankr. R. 1001-2 (defining "Certificate of Service" as "a document identifying the pleading/document a party has served, the manner of service, the date of service, and the address where service was made."). The Debtors' Certificate of Service certified that a copy of the electronically filed document and notice of the filing "will be sent *by email* to all parties by operation of the court's electronic filing system, *or by mail* to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing, including the Town of South Windsor (Attn: Tax Collector)," without specifying the manner of service upon the Town or the address upon which the Town was served. (ECF No. 483 at 2 and 8) (emphasis supplied).

Second, a close review of the exhibits attached to the Declaration of Adrienne Walker, Esq. (ECF No. 1206) (the "Walker Declaration") do not conclusively establish that the Tax Motion was in fact served by the Debtors. The email correspondence attached as Exhibit A to the Walker Declaration has the subject line "RE: MAILING- FW: PACER Redirect Notice – 21-20111 Motion to Use Cash Collateral." Nowhere in the entirety of the correspondence does it identify the document that was attached by Attorney Walker in directing service of the Tax Motion, or the document that purportedly was mailed by her office. The sole reference to any document at all is found in the subject line of the communication, identifying only a motion to use cash collateral – which motion was filed on the same date as the Tax Motion (ECF No. 482). Accordingly, the Debtors have failed to establish that the Tax Motion was in fact the document mailed by them.

Even if the Court concludes that the Tax Motion was mailed in the manner identified by the Walker Declaration, the Debtors' service upon the Town was still defective. Although the

Debtors' certifications appended to the Tax Motion reflect that service upon the Town was directed to the attention of the Tax Collector, the Walker Declaration in fact shows that service upon the Town was simultaneously directed to *both* the Tax Collector and Tax Assessor, as follows:

>Town of South Windsor
>Attn: **Tax Collector and Tax Assessor**
>1540 Sullivan Avenue
>South Windsor, CT 06074

Walker Declaration ¶ 6. By addressing the Tax Motion to two departments through one mailing, the Debtors cannot establish service upon either department. Although the Office of the Tax Collector and Tax Assessor are both located at the same address, as set forth in the Declarations of Jennifer Hilinski (Tax Collector) and Mary Huda (Tax Assessor) submitted in support of the Motion for Relief, each office is a separate and distinct department within the Town, each led by different individuals and each separately staffed. *See* Hilinski Declaration (ECF No. 1002-12) at ¶¶ 2, 3, 5 and Huda Declaration (ECF No. 1002-1) at ¶¶ 2, 3. All mail addressed to the Town is received by the Town Manager's office and sorted according to the department to which it is directed (if identifiable). *See* Declaration of Ashley Booth ("Booth Declaration") at ¶ 4, submitted herewith. Mail directed to more than one department requires further inquiry by the Town Manager's staff and increases the likelihood of confusion and creates the potential that the mail will not be delivered to either department or is delivered to the incorrect department. *Id.* at ¶ 7. If staff members in the Town Manager's office receive mail addressed to more than one department, they must open the mail to ascertain the department to which it should be delivered. *Id.* If they are unable to determine the correct department, they must obtain further guidance from the Town Manager or Assistant Town Manager. *Id.* Once delivered, it is up to the individual department that receives the mail to determine whether it was correctly addressed to that department, or whether it should be redirected elsewhere. This multi-step process – and any potential errors in mail delivery

-5-

resulting from it – could have been wholly avoided had the Debtors simply addressed the Tax Motion to a single department, as had been done for numerous other prior mailings to the Town in the Debtors' case. Indeed, the Debtors' service upon both the Tax Collector and the Tax Assessor is particularly inexplicable considering that the Walker Declaration itself shows that *all other mailings* made by the Debtors to the Town (to the extent properly addressed to the attention of an individual as required by Local Bankr. R. 2002-1(a)) were directed solely to the Tax Collector, the department in charge of collecting the taxes outstanding on this account. No other mailing in this case was directed to both the Tax Collector and the Tax Assessor, thus potentially explaining why the Town received notices of other filings, but not the Tax Motion.

In the case of the Tax Motion, neither the Tax Collector nor the Tax Assessor received a copy (as set forth in the Declarations submitted in support of the Motion for Relief). Thus, the Debtors' failure to direct the Tax Motion to the attention of the Tax Collector's office (as certified in the Tax Motion) constituted defective service that raises no presumption of delivery or raises at most a weakened presumption of service sufficiently rebutted by the Town's evidence of non-receipt.

Also, while not required to effect proper service, it also cannot be ignored that the Debtors and their counsel Attorney Randy Lovallo, Esq. had previously communicated with counsel for the Town on the precise issues raised in the Tax Motion (*see* Exs. 7 and 8 to Motion for Relief). The communications between Attorney Lovallo and the Town were expressly referenced in a letter from Attorney Walker to the Town sent on November 16, 2020 disputing the accuracy of the Town's real estate tax assessments (*see* Ex. 9 to Motion for Relief). Accordingly, despite the Debtors' apparent knowledge that the Town was represented by counsel in connection with the issues raised in the Tax Motion, they failed to furnish a copy to the Town's counsel, which also

could have avoided any issues pertaining to notice of such consequential relief obtained by the Debtors by default.

Finally, the Court should disregard the Debtors' arguments that the Town's receipt of other documents in this matter has any relevance to the question of the Debtors' service of the Tax Motion. It is well-established in this circuit and others that all known creditors must receive proper service regardless of whether they are aware of pending bankruptcy proceedings. *In re Randbre Corp.*, 66 B.R. 482, 485 (Bankr. S.D.N.Y. 1986); *In re Trans World Airlines, Inc.,* 96 F.3d 687, 690 (3d Cir.1996); *In re Harbor Tank Storage Co.,* 385 F.2d 111, 115 (3d Cir.1967); *In re La Rouche Indus., Inc.*, 307 B.R. 774, 781 (D. Del. 2004). No document filed by the Debtors prior to the Tax Motion furnished the Town with any notice (actual or otherwise) that the Debtors disputed the tax amounts due. To the contrary, the sale motion filed by the Debtors on February 8, 2021 (ECF No. 28-1) failed to list the Town as a respondent or provide any other indication that the Debtors were contesting the real estate tax amounts that were then overdue as of the date the sale motion was filed. *See* Local Bankr. R. 6004-1(b) (requiring moving party to name as a respondent "all entities asserting a lien on or interest in the property to be sold, describing with particularity the nature of the lien or interest claimed, how it is perfected *and whether or not the lien or interest is disputed by the movant*) (emphasis supplied). As of the date of the filing of the sale motion, the Debtors were in default of their obligations to pay the 2019 real estate taxes due, which amounts constituted liens that existed as of October 1, 2020, and took precedence over all other liens existing upon the property under Connecticut law. Conn. Gen. Stat. § 12-272.

The Town thus had no notice or reason to believe that the outstanding real tax amounts then due would be challenged by the Debtors when the sale motion (which included relief for

-6-

assumption or rejection of contracts) was filed. Indeed, the Town reasonably could have expected that outstanding real estate tax liabilities would be satisfied along with other uncontested secured obligations customarily paid at the time of closing. While ignoring its own shortcomings in designating the Town as a respondent to the sale motion, the Debtors instead point to the Town's failure to contest various notices to assume executory contracts identifying "$0" cure amounts in connection with the proposed assumption of the Town's abatement agreement as apparent evidence of the Town's failure to exercise its rights. This argument is misplaced because the amounts owed to the Town constituted secured claims for past due real estate taxes under Connecticut statutes pursuant to Conn. Gen. Stat. § 12-172, not "cure amounts" purportedly due under the abatement agreement. Moreover, given the Debtors' failure to provide any prior notice through its sale motion that the secured claim of the Town was in dispute, the Town could not reasonably have been expected to surmise that the Debtors' various assumption notices (which set forth no other grounds of dispute other than a $0 cure amount) constituted sufficient notice requiring action by the Town. Lastly, none of Debtors' filings prior to the Tax Motion could possibly form the basis of any notice to the Town of the Tax Motion itself, which was filed after the sale had already been approved and heard well after the closing had already taken place.

11861448v1

For these reasons, the Court should overrule the Debtors' objection to the Motion for Relief on the issue of notice, grant the Motion for Relief due to lack of notice, and schedule a hearing on the merits of the Tax Motion.

Dated: December 7, 2021

> Respectfully submitted,
>
> TOWN OF SOUTH WINDSOR
>
> By its attorneys:
>
> _/s/ Taruna Garg_
> Taruna Garg
> Murtha Cullina LLP
> 107 Elm Street, Four Stamford Plaza
> Stamford, Connecticut 06902
> Telephone: 203.653.5400
> Facsimile: 203.653.5444
> tgarg@murthalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, a copy of the foregoing motion and accompanying supplemental declaration, was filed electronically and notice of electronic filing was sent by email to all parties in interest filing appearances in this matter by operation of the Court's electronic filing system as indicated on the Notice of Filing.

> /s/ Taruna Garg
> Taruna Garg