# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| OLD CP, INC., *et al.*,[1] | : | |
| | : | Case No. 21-20111 JJT |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## SUPPLEMENTAL DECLARATION OF ADRIENNE K. WALKER IN OPPOSITION TO THE MOTION OF TOWN OF SOUTH WINDSOR FOR RELIEF FROM ORDER GRANTING DEBTORS' MOTION FOR DETERMINATION OF TAX LIABILITY

I, Adrienne K. Walker, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      My name is Adrienne K. Walker.  I am over the age of 21 and am fully competent to testify to the matters stated herein.  I have personal knowledge of each of the matters stated herein, and they are true and correct.

2.      I am an attorney licensed to practice in the Commonwealth of Massachusetts and I am a partner in the law firm of Locke Lord LLP ("Locke Lord") in Boston, Massachusetts. My law firm and I represented Old CP, Inc. f/k/a Carla's Pasta, Inc. ("Carla's Pasta") and Suri Realty, LLC ("Suri" and together with Carla's Pasta, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases").  I was personally involved in the representation of the Debtors in these cases from before the above-captioned bankruptcy proceedings commenced

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Old CP, Inc. f/k/a Carla's Pasta, Inc. (5847) and Suri Realty, LLC (5847). The Debtors' corporate headquarters and service address is 50 Talbot Lane, South Windsor, Connecticut 06074.

through the Debtors' emergence from Chapter 11 on August 17, 2021, and I acquired personal

knowledge of the facts set forth in this Declaration in that capacity.

3.      I submit this Supplemental Declaration in supplement to the Declaration of

Adrienne Walker [ECF 1206] (the "Original Declaration") and in opposition to the *Motion of Town*

*of South Windsor for Relief from Order Granting Debtors' Motion for Determination of Tax*

*Liability* [ECF 1002] (the "Motion for Reconsideration") filed by the Town of South Windsor (the

"Town").  In particular, this Supplemental Declaration concerns the Town's assertion that it was

not served with notice of *Debtors' Motion to Determine Tax Liability Under 11 U.S.C. § 105 and*

*505* [ECF 483] (the "Tax Determination Motion") and specifically to address contentions made by

the Town in its *Reply of the Town of South Windsor on Issue of Notice on Motion for Relief* [ECF

1238] (the "Reply").

4.      In the Reply the Town claims:

> Nowhere in the entirety of the correspondence does it identify the
> document that was attached by Attorney Walker in directing service
> of the Tax Motion, or the document that purportedly was mailed by
> her office. The sole reference to any document at all is found in the
> subject line of the communication, identifying only a motion to use
> cash collateral – which motion was filed on the same date as the Tax
> Motion (ECF No. 482). Accordingly, the Debtors have failed to
> establish that the Tax Motion was in fact the document mailed by
> them.

Reply at 3.

5.      The Town's statement is incorrect.  The email attached to my Original Declaration

was a string conversation that included a prior email from me to the "Boston Mailroom" at 1:29

pm, which included a PDF attachment of the entire Tax Determination Motion filed at ECF 483.

This attachment is confirmed on the 1:29 pm email by the reference to "Attachments:  Suri – Real

Property Tax Liability Motion (with all exhibits) FILED COPY.pdf".  A true and accurate copy of

the email I sent at 1:29 pm to the mailroom with explicit instructions to serve the Town is attached hereto at **Exhibit A**.  In my Original Declaration I omitted a copy of the original email from 1:29 pm that included the Tax Determination Motion as it seemed obvious from the text of the emails that it is what I sent to the mailroom to be served.

6.      Again, I drafted the Tax Determination Motion.  Thereafter, I served the Tax Determination Motion in the ordinary course of business as set forth in my Original Declaration, including expressly referencing to the mailroom attendant to be sure to mail the Tax Determination Motion to the Town to avoid any confusion because the Town was not served the cash collateral motion previously filed on the same date.

7.      Therefore, the Tax Determination Motion was mailed in accordance with the certificate of service and consistent with my Original Declaration.

8.      I have rechecked my records and affirm that the Tax Determination Motion was sent as set forth in my Original Declaration and this Supplemental Declaration

9.      I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this 3rd day of January, 2022


_____
Adrienne K. Walker

**Exhibit A**

**Walker, Adrienne**

---

| | |
|---|---|
| **From:** | Walker, Adrienne |
| **Sent:** | Monday, April 26, 2021 1:29 PM |
| **To:** | BOSTON MAILROOM |
| **Cc:** | Humeniuk, Stephen; Barretto, Annie |
| **Subject:** | RE: MAILING - FW: PACER Redirect Notice - 21-20111 Motion to Use Cash Collateral |
| **Attachments:** | Suri - Real Property Tax Liability Motion (with all exhibits) FILED COPY.pdf |

Another request. Please print double sided and send to the same folks (plus the addition for the Town of South Windsor). Thank you!

Deborah Basile
Doherty Wallace Pillsbury Murphy P.C.
One Monarch Place
Suite 1900
Springfield, MA 01144-1900

George W. Fitting
Duane Morris LLP
U.S. Steel Tower
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2802

Jami B. Nimeroff
Brown McGarry Nimeroff LLC
Two Penn Center, Suite 610
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102

Town of South Windsor
Attn: Tax Collector and Tax Assessor
1540 Sullivan Avenue
South Windsor, CT 06074

**Adrienne Walker**
Partner
**Locke Lord LLP**
111 Huntington Avenue
Boston, MA 02199
O: 617-239-0211
M: 508-654-9550
awalker@lockelord.com
View My **BIO** | Connect on **LinkedIn** | Visit **lockelord.com**

---

**From:** Barretto, Annie
**Sent:** Monday, April 26, 2021 9:56 AM
**To:** BOSTON MAILROOM
**Cc:** Walker, Adrienne ; Humeniuk, Stephen
**Subject:** MAILING - FW: PACER Redirect Notice - 21-20111 Motion to Use Cash Collateral

Hello,

Please see Adrienne's request below regarding mailing the attached document. c/m#1569645.00001

Let me know if you have any questions.

Thank you.

~Annie

**Annie Barretto**
Legal Secretary
**Locke Lord LLP**
111 Huntington Avenue
Boston, MA 02199-7613
+1 617 239 0623 Direct
+1 617 227 4420 Fax
annie.barretto@lockelord.com
www.lockelord.com

---

**From:** Walker, Adrienne <awalker@lockelord.com>
**Sent:** Monday, April 26, 2021 8:06 AM
**To:** Barretto, Annie <Annie.Barretto@lockelord.com>
**Cc:** Humeniuk, Stephen <stephen.humeniuk@lockelord.com>
**Subject:** FW: PACER Redirect Notice - 21-20111 Motion to Use Cash Collateral

Good morning,
Would you please have the attached mailed first class regular to the folks below. Thanks!

Deborah Basile
Doherty Wallace Pillsbury Murphy P.C.
One Monarch Place
Suite 1900
Springfield, MA 01144-1900

George W. Fitting
Duane Morris LLP
U.S. Steel Tower
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2802

Jami B. Nimeroff
Brown McGarry Nimeroff LLC
Two Penn Center, Suite 610
1500 John F. Kennedy Blvd.

2

Philadelphia, PA 19102

**Adrienne Walker**
Partner
**Locke Lord LLP**
111 Huntington Avenue
Boston, MA 02199
O: 617-239-0211
M: 508-654-9550
**awalker@lockelord.com**
View My **BIO** | Connect on **LinkedIn** | Visit **lockelord.com**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| CARLA'S PASTA, INC., *et al.* | : | Case No. 21-20111-JJT : |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

| | | |
|---|---|---|
| | : | |
| SURI REALTY, LLC, | : | |
| Movant, | : | |
| v. | : | |
| | : | |
| TOWN OF SOUTH WINDSOR, | : | **Response Date: May 17, 2021** |
| CONNECTICUT, | : | |
| Respondent. | : | |
| | : | |

**NOTICE OF (I) DEBTORS' MOTION FOR DETERMINATION OF TAX LIABILITY
UNDER 11 U.S.C. §§ 105 AND 505, AND (II) CONTESTED MATTER RESPONSE DATE**

**PLEASE TAKE NOTICE** that on this date Carla's Pasta, Inc. and Suri Realty, LLC, debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases filed the *Debtors' Motion for Determination of Tax Liability Under 11 U.S.C. §§ 105 and 505* (the "Motion") in the United States Bankruptcy Court for the District of Connecticut and attached hereto. The filing of the Motion commenced a contested matter (the "Contested Matter"), which shall be governed by the Contested Matter Procedures outlined at D. Conn. Bankr. L. R. 9014-1.

**PLEASE TAKE FURTHER NOTICE** that any response to the Motion in this Contested Matter must be filed with the Court no later than **May 17, 2021** (the "Response Date"). In the absence of a timely filed response, by the Response Date the proposed order to the Motion in this Contested Matter may enter without further notice and hearing. *See* 11 U.S.C. § 102(1), and D. Conn. Bankr. L. R. 9014-1(d)(2).

**PLEASE TAKE FURTHER NOTICE** that the pleadings and other docket entries referenced herein are available to the public at no cost on the website hosted by the Debtors' proposed claims and noticing agent, Stretto, at the following internet address: https://cases.stretto.com/CarlasPasta/court-docket.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Carla's Pasta, Inc. (5847) and Suri Realty, LLC (5847). The Debtors' corporate headquarters and service address is 50 Talbot Lane, South Windsor, Connecticut 06074.

91695562v.1

Dated: April 26, 2021

 /s/ *Adrienne K. Walker*
Adrienne K. Walker (admitted *pro hac vice*)
Locke Lord LLP
111 Huntington Avenue
Boston, MA 02199
Tel: 617-239-0211
email: awalker@lockelord.com

Brian A. Raynor (admitted *pro hac vice*)
Michael B. Kind (admitted *pro hac vice*)
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Tel: 312-201-2392
email: braynor@lockelord.com
email: michael.kind@lockelord.com

Tara L. Trifon (ct28415)
Locke Lord LLP
20 Church Street 20th Floor
Hartford, CT 06103
Tel: 860-541-7740
email: tara.trifon@lockelord.com

*Counsel to the Debtors and*
*Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021 a copy of the foregoing was filed electronically, and notice of this filing will be sent by email to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing, including the Town of South Windsor (Attn: Tax Collector). Parties in interest may access this document through the court's CM/ECF System.

 /s/ *Adrienne K. Walker*
 Adrienne K. Walker

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| CARLA'S PASTA, INC., *et al.* | : | Case No. 21-20111-JJT |
|  | : | : |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |
|  | : |  |
| SURI REALTY, LLC, | : |  |
| Movant, | : |  |
| v. | : | : |
|  | : |  |
| TOWN OF SOUTH WINDSOR, | : |  |
| CONNECTICUT, | : | **Response Date: May 17, 2021** |
| Respondent. | : |  |
|  | : |  |

**DEBTORS' MOTION FOR DETERMINATION
OF TAX LIABILITY UNDER 11 U.S.C. §§ 105 AND 505**

Carla's Pasta, Inc. and Suri Realty, LLC ("Suri"), debtors and debtors in possession

(collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file

this motion (the "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"): (i) establishing the amount of real property taxes due from Suri to the

Town of South Windsor  (the "Town") with respect to the Real Property (defined herein) for tax

years 2020 and 2021 (through the closing date on the real property sale pending in the Chapter 11

Cases); (ii) compelling the Town to take any and all actions necessary to adjust its records in

accordance with the rulings of the Court; and (iii) granting such other and further relief, both legal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Carla's Pasta, Inc. (5847) and Suri Realty, LLC (5847).  The Debtors' corporate headquarters and service address is 50 Talbot Lane, South Windsor, Connecticut 06074.

and equitable, as the Court deems necessary and appropriate. In support of the Motion, the Debtors

state as follows:

## PRELIMINARY STATEMENT

1.      The relief requested by this Motion is limited, discrete, and in aid of the Debtors'

administration of these Chapter 11 Cases.  Suri is not challenging its obligations to pay real

property taxes on its property located at 50 Talbot Lane, South Windsor, Connecticut (the "Real

Property"), nor is it appealing the gross assessment of the Real Property made by the Town and

added to its Grand List on October 1, 2019.  This Motions is merely requesting this Court to

determine the mathematical calculation of the 2020 Bill (defined herein) for the Real Property as

required under the Abatement Agreement (defined herein) and to apply such calculation to the

amounts due in future tax years. The plain language of the Abatement Agreement provides Suri a

70% reduction of the Town's gross assessment of the Real Property.  The Town, however, has

delivered the 2020 Bill that improperly calculates the amount of the Abatement (defined in the

2020 Bill as the "Exemption"), which then results in an incorrect, and significantly higher, real

estate tax bill.  This Motion requests the Court to establish that the 2020 Bill, if  it were properly

calculated, results in a total 2020 real property tax for the Real Property at $237,320.09, and  this

same methodology should be applied to calculate the 2021 and any future tax bill.  The Debtors

have attempted to resolve this dispute with the Town; however, the Town has not accepted Suri's

reading of the plain language of the Abatement Agreement.  As Suri will soon be selling its Real

Property, the Debtors request a final determination of such obligations to the Town as it continues

to winddown its business operations.

## JURISDICTION

2.      The United States Bankruptcy Court for the District of Connecticut (the "Court")

has jurisdiction over these Chapter 11 Cases and the Motion pursuant to 28 U.S.C. §§ 157 and

91691777v.2

1334. The Court has jurisdiction under 11 U.S.C. § 505 to hear this Motion.

3.        This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.        Venue of the Chapter 11 Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5.        The bases for the relief requested are sections 105(a) and 505 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

6.        On October 29, 2020, an involuntary petition was filed against Suri.  By Order entered on December 17, 2020 [Case No. 20-21270, Dkt. No. 30], this Court converted Suri's involuntary case to a voluntary case under chapter 11 (the "Suri Commencement Date").

7.        Suri continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner, or creditors' committee have been appointed. The Chapter 11 Cases are jointly administered and not substantively consolidated.

8.        In the ordinary course of business, Suri incurs real property tax obligations in connection with its ownership of the Real Property (the "Property Taxes"[2]).  Pursuant to a use and occupancy agreement between the Debtors, Carla's Pasta is obligated to make direct payment to the Town for, among other things, the Property Taxes.

9.        As part of Suri and Carla's Pasta's business expansion, the Town and Suri entered into that certain Agreement Regarding Real Property Tax Assessment, dated October 3, 2019 (the "Abatement Agreement").  The Abatement Agreement is attached hereto as **Exhibit B**.  The Abatement Agreement expressly states:

---

[2]  Suri is also obligated to pay real property taxes on its adjoining parcel at 280 Nutmeg Road, South Windsor, Connecticut.  This parcel is not subject to the Abatement Agreement and is not implicated by this Motion.

Commencing with the Grand List for the period following the issuance of the
Certificate of Occupancy for the Facility at any time after June 1, 2019, the town
shall grant Suri Realty a 70% reduction in its real property assessment for the
Real Property, including the above-described Expansion and the construction of
the Facility (the "Abatement").

Abatement Agreement, ¶ 6.  The Town issued its Certificate of Occupancy on July 19, 2019.  The

Certificate of Occupancy is attached hereto as **Exhibit C**.

10.     After the Abatement Agreement, the Town issued its 2020 Real Estate Tax Bill in

connection Real Property in the total amount of $502,133.50 (the "2020 Bill"), which was payable

in two installments. The 2020 Bill is attached hereto as **Exhibit D**.

11.     The 2020 Bill does not reflect the correct calculation of the 70% reduction in the

Town's real property assessment.  Rather, it only provides Suri with a 36.5% reduction in its real

property assessment for the Real Property.  The chart below illustrates the mathematical error in

the 2020 Bill, along with the amount Suri has determined is due when applying the plain language

of the Abatement Agreement:

|  | Town's Calculation of 2020 Bill | Suri's Correct Calculation of 2020 Bill |
|---|---|---|
| Gross Assessment | $20,833,500 | $20,833,500 (SAME) |
| Abatement/Exemption | $7,627,600 (36.524592% of assessed value) | $14,583,450 (70% of assessed value) |
| Net Assessment | $13,255,900 | $6,265,050 |
| Mill Rate (based on each 1,000 of net assessed value) | $37.8800 (x 13,255.90) | $37.8800 (x 6,265.05) |
| **Total 2020 Real Property Tax** | **$502,133.50** | **$237,320.09** |

12.     If the reduction provided in the Abatement Agreement were correctly calculated

and applied, the resulting annual 2020 tax on the Real Property would be $237,320.09, divided

into two equal payments of $118,660.05.  Carla's Pasta paid what it determined as the correct first

installment of $118,660.05 (plus interest) to the Town in November 2020, and paid the second

4

installment of $118,660.05 in January 2021.

## BASIS FOR RELIEF

13.     The Bankruptcy Code sets forth ample authority for the Court to determine that the

2020 Bill was incorrectly calculated and to direct the Town of South Windsor to correct the 2020

Bill.  Section 505 of the Bankruptcy Code provides, in relevant part, as follows:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. 11 U.S.C. § 505(a)(1).

14.     Section 505 is specifically intended to facilitate the administration of the

bankruptcy estate by allowing debtors to determine their tax liabilities. There are only three

exceptions to Bankruptcy Code section 505(a)(l)'s broad grant of authority to determine tax

liabilities, none of which bar the Debtors' requested relief. See 11 U.S.C. § 505 (a)(2).  While the

third exception limits the ambit of Section 505 with respect to certain challenges to real property

taxes for which a timely appeal has not been filed, the Debtors' ability to seek redress of a clear

mathematical error, e.g., the miscalculation reflected in the 2020 Bill, is not implicated by

§ 505(a)(2)(C).

15.     The 2020 Bill is incorrect on its face, in that it does not reflect the 70% reduction

in the real property assessment.  Suri is seeking relief only to apply a proper mathematical

calculation of its 2020 Bill (and any future bills), and to confirm that Suri's prior payments of its

properly calculated amounts shall result in payment in full of its 2020 Bill.  Suri has attempted to

resolve this informally through communications with the Town's tax officials, but has been unable

to secure the correction.

91691777v.2

WHEREFORE, for the foregoing reasons, the Debtors respectfully request entry of the Order granting the relief requested herein, and granting such other relief as is just and proper.

Dated:  April 26, 2021

 /s/ Adrienne K. Walker
Adrienne K. Walker (admitted *pro hac vice*)
Locke Lord LLP
111 Huntington Avenue
Boston, MA 02199
Tel: 617-239-0211
email: awalker@lockelord.com

Brian A. Raynor (admitted *pro hac vice*)
Michael B. Kind (admitted *pro hac vice*)
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Tel: 312-201-2392
email: braynor@lockelord.com
email: michael.kind@lockelord.com

Tara L. Trifon (ct28415)
Locke Lord LLP
20 Church Street 20th Floor
Hartford, CT 06103
Tel: 860-541-7740

*Counsel to the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021 a copy of the foregoing was filed electronically, and notice of this filing will be sent by email to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing, including the Town of South Windsor (Attn: Tax Collector).  Parties in interest may access this document through the court's CM/ECF System.

*/s/ Adrienne K. Walker*

Adrienne K. Walker

**Exhibit A**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| CARLA'S PASTA, INC., *et al.* | : | Case No. 21-20111-JJT |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| | : | |
| SURI REALTY, LLC, | : | |
| Movant, | : | |
| v. | : | |
| | : | |
| TOWN OF SOUTH WINDSOR, | : | |
| CONNECTICUT, | : | |
| Respondent. | : | |
| | : | |

## ORDER GRANTING DEBTORS' MOTION TO
## DETERMINE TAX LIABILITY UNDER 11 U.S.C. §§ 105 AND 505

Upon consideration of the *Debtor's Motion to Determine Tax Liability Under 11 U.S.C. §§ 105 and 505* (the "Motion")[2] and any response(s) to the Motion; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and the Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the relief requested in the Motion and provided for herein being in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, and due and proper notice of the Motion having been provided to the notice parties, including the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Carla's Pasta, Inc. (5847) and Suri Realty, LLC (5847). The Debtors' corporate headquarters and service address is 50 Talbot Lane, South Windsor, Connecticut 06074.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

A-2

Town of South Windsor, Connecticut; and it appearing that no other or further notice need be provided; and the Court having held one or more hearings to consider the relief requested in the Motion and all of the proceedings had before this Court; and all objections to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as provided herein.

2.      The Debtors' tax liability to the Town of South Windsor in connection with its Real Property located at 50 Talbot Lane  is determined to be $257,320.10  for the 2020 tax year.  For the 2020 tax year and after, the Town of South Windsor is required to reduce the gross assessment by 70% prior to calculating the real property tax due on account of the Real Property as is required under the Abatement Agreement.

3.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

4.      This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

DATED this _____ day of _____, 2021

_____
JAMES J. TANCREDI
UNITED STATES BANKRUPTCY JUDGE

A-3

91691777v.2

# EXHIBIT B

## AGREEMENT REGARDING REAL PROPERTY TAX ASSESSMENT

This Agreement is entered into this 3̶0̶ 3 day of ~~September~~ October, 2019, by and between the

**TOWN OF SOUTH WINDSOR**, a municipal corporation and body political having its

corporate limits located within the County of Hartford and State of Connecticut, with offices

located at 1540 Sullivan Avenue, South Windsor, Connecticut 06704 (hereinafter the "Town"),

and **Suri Realty LLC, dba Carla's Pasta Inc.,** a Connecticut Limited Liability Company, with

offices located at 50 Talbot Lane, South Windsor, CT 06074 (hereinafter "Suri Realty"), to fix

real property taxes that would be due on the real property and improvements thereon for a

limited period of time as described below.

### WITNESSETH:

**WHEREAS,** Suri Realty is the owner of the property located at 50 Talbot Lane, South

Windsor, Connecticut (the "Real Property'); and

**WHEREAS,** Suri Realty intends to make improvements to the land and existing

structures on the Real Property, including the new construction of a 156,322 square foot addition

to the current Facility, which will be located on the Real Property; and

**WHEREAS,** the estimated costs to be incurred by Suri Realty for the improvements at

the Real Property is $23,448,300; and

**WHEREAS,** as the Town, acting by and through its duly authorized Tax Assessor, will

assess and value the Real Property and personal property on the Grand List of October 1, 2019;

and

**WHEREAS,** the Town will value all of the property at its true and actual value; and

WHEREAS, in the course of occupying, developing and utilizing the Real Property, Suri Realty will add significant and substantial improvements to the Real Property, and will install and/or add taxable personal property assets, such as office and business equipment; and

WHEREAS, the current staffing is 156 full time employees at the South Windsor location and approximately 20 jobs on contracted night shift for an annual payroll of approximately $7,500,000; and

WHEREAS, the Town wishes to assist Suri Realty to develop and operate the Facility and to use its best efforts to create approximately 60 to 100 new jobs at the newly constructed Facility; and

WHEREAS, the Town wishes to assist Suri Realty to expand its operations in South Windsor and to add combined real property and personal property value to the Town's tax base; and

WHEREAS, in consideration of the above, the Town is willing to provide tax relief to Suri Realty pursuant to Section 12-65b of Connecticut General Statutes for a period of seven (7) years commencing with the first date that tax payments are due under the Grand List following the date of issuance of the Certificate of Occupancy for the Facility (the "Abatement Term"); and

NOW, THEREFORE, in consideration of the foregoing the parties hereby covenant and agree that:

1.    Suri Realty shall add approximately 156,322 square foot to the existing manufacturing facility at 50 Talbot Lane to provide for a production expansion intended to increase the company's pasta and meal solution manufacturing and packaging to meet current and future growth demands and associated storage needs ("Expansion"); and

2

{C0111181-1}

2.    The costs for the land including site preparation shall be $750,000 and the construction cost for the Expansion shall be approximately $23,448,300. Suri Realty will install and properly account to the Town for all taxable personal property assets added to or installed in the Facility.

3.    Suri Realty shall install Furniture and Equipment (personal property) thus making an investment of $18,000,000.

4.    Suri Realty has received a Certificate of Occupancy for the Facility on or about August, 2019, and shall actively operate or cause said Facility to operate as a manufacturer and seller of frozen food items at the Real Property for no less than seven (7) year Operating Term from the date of the Certificate of Occupancy for the Facility. Additionally, Suri Realty shall actively utilize the Expanded Facility as a manufacturing facility for no less than seven (7) years from the date of expiration of the reduction in real property assessment for the Expanded Facility; or continue to locate the business in South Windsor.

5.    Suri Realty shall use it best efforts to employ or cause to be employed at least 60 to 100 new jobs at said Facility throughout the Operating Term.

6.    Commencing with the Grand List for the period following the issuance of the Certificate of Occupancy for the Facility at any time after June 1, 2019, the town shall grant Suri Realty a 70% reduction in its real property assessment for the Real Property, including the above-described Expansion and the construction of the Facility (the "Abatement").

7.    The Abatement Terms shall be for a period of seven (7) years commencing with the first date that tax payment are due under the Grand List following the date of issuance of a Certificate of Occupancy for the Facility; provided, however, that if such assessment is changed by any future Town revaluation, the tax payment due under the new assessed value of the Real

3

{C0111181-1}

Property shall be adjusted for the remainder of the Abatement Term in accordance with the terms of the Abatement set forth in Paragraph 6.

8.      Suri Realty shall maintain all tax obligations owed by it to the Town current and in good standing during the Operating Term.

9.      Suri Realty shall be required to provide via affidavit of an appropriate officer within one year after the commencement of operations at the Facility as to a) the actual value of the site expansion and that said expansion are substantially in conformance with the provisions hereof as to the scope of construction (a new, approximately 156,322 square foot addition to existing facility); b) the cost of construction (a minimum of $23,448,300); and c) the number and type (full or part time) of employees employed at such Facility.

10.      Notwithstanding anything herein contained to the contrary, Suri Realty and the Town acknowledged and agree that, while Suri Realty shall make every good faith effort to maintain and employ at least 60 to 100 new employees during the Operating Term, economic circumstances, financial considerations, and employee transience may make it impossible to maintain precisely the level of employment described herein. Accordingly, Suri Realty and the Town acknowledge that variations in the numbers of employees will occur and may continue for unspecified periods of time during the Operating Term of this Agreement. Subject to the above requirement of good faith, such variations shall not otherwise constitute a default of this Agreement provided the Facility is operating in accordance with applicable law and Suri Realty is in compliance with the terms of this Agreement in all other respects.

11.      In the event that Suri Realty does not perform any obligation set forth in this Agreement for a period of at least thirty (30) days (or such longer period if the failure to perform is not reasonably corrected within such 30 days) following the postmark date of written notice of

4

{C0111181-1}

such nonperformance from the Town to Suri Realty of if Suri Realty otherwise breaches the terms of this Agreement, then Suri Realty shall be deemed to be in default of this Agreement. In the event of such default, Suri Realty shall reimburse the Town for all tax relief provided to Suri Realty, its predecessor and/or its assigns and the Town shall be under no obligation to grant further tax relief hereunder.

12.     In the event that the Town must resort to legal action to enforce the terms of this Agreement, any amount determined by a Court of competent jurisdiction to be due from Suri Realty shall be subject to interest at the rate of eighteen percent (18%) per annum. Such interest shall accrue from thirty (30) days, or such longer period if the default were not able to be cured within 30 days, following the postmark date for the notice of default described in Paragraph 15. In addition, the Town shall be entitled to recover from Suri Realty all costs of collection, including reasonable attorney's fees, incurred in enforcing this Agreement.

13.     Suri Realty acknowledges and agrees that the Abatement offered pursuant to this Agreement is not binding upon the Town beyond the seven-year Abatement Term agreed to herein.

14.     Suri Realty and the Town acknowledge and agree that the values placed upon the Real Property, the Facility, and/or the Expansion as a result of the Abatement shall not now or at any other time be construed as an admission by any party or as evidence of any kind as to the true fair market value of the Real Property, the Facility, and/or the Expansion.

15.     All notices hereunder are to be sent by the Town to Suri Realty at the following address or to such other address as requested by Suri Realty or its successor or assigns: Suri Realty LLC, 50 Talbot Lane, South Windsor, CT 06074, Attention: Jack Herpok, Chief Financial Officer. All such notices shall be sent via certified mail, return receipt requested, or overnight

5

mail service. Notices are deemed effective upon delivery. Any refusal to accept such delivery shall still constitute the delivery upon proper notice.

16.   Suri Realty may not assign or otherwise transfer its rights or obligations under this Agreement without prior written authorization of the Town.

17.   Suri Realty and/or its successor or assigns releases the Town and its agents, servants and employees from any and all liability, of whatever nature, legal or equitable, which may have arisen or which may arise in connection with this Agreement, including the implementation hereof.

18.   Suri Realty and/or its successor or assigns shall defend and indemnify the Town and any of its agents, servants and employees against any action, claim or suit of any nature whatsoever, arising from the Town's being a party to this Agreement and/or any undertaking of its obligations hereunder.

19.   This Agreement has been executed by the parties' respective agent, duly authorized and acting in his or her official capacity.

20.   This Agreement may be amended only by mutual consent of the parties, and any amendments to this Agreement shall be in writing and shall be duly executed and dated by the respective parties.

21.   This Agreement represents the entire and complete understanding and agreement of the parties, and any and all prior written or oral agreement not otherwise contained in this Agreement shall be and are hereby null and void and of no force or effect.

22.   In the event that litigation arises, all litigation shall take place in the State of Connecticut, Judicial District of Hartford, and the Agreement shall be construed in accordance with Connecticut law, without regard to its conflict of law provisions.

6

{C0111181-1}

23.     Upon the execution of this Agreement, a copy of this agreement or a proper

"Notice of Tax Abatement Agreement" shall be filed upon the land records of the Town of South

Windsor with respect to the Real Property.

7

WITNESSED BY:                          TOWN OF SOUTH WINDSOR

*Courtney Cannella*                    By: _____
Name: Courtney Cannella                     Name: MICHAEL MANISCALCO
                                            Its:    TOWN MANAGER
                                            1540 Sullivan Avenue
                                            South Windsor, CT 06074


STATE OF CONNECTICUT        :
                            :   SS:  South Windsor      October
                            :                           ~~September 2~~ , 2019
COUNTY OF HARTFORD          :

     Personally appeared MICHAEL MANISCALCO, TOWN MANAGER of THE TOWN OF SOUTH WINDSOR, a Connecticut municipality, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed as such Officer and the free act and deed of such municipality, before me.

> Courtney Cannella
> Notary Public-Connecticut
> My Commission Expires
> December 31, 2021

     *Courtney Cannella*
Name: Courtney Cannella
Commissioner of the Superior Court
Notary Public
My Commission Expires: 12/31/2021

8

{C0111181-1}

WITNESSED BY:

SURI REALTY, LLC,
D/B/A CARLA'S PASTA INC.

_courtneycannella_
Name: courtneycannella

By: _Carla Squatrito_
Name: ~~JACK HERPOK~~ Carla Squatrito
Its:  CHIEF FINANCIAL OFFICER
50 Talbot Lane
South Windsor, CT 06074

STATE OF CONNECTICUT    :
                        :    SS: South Windsor    October ~~September~~ 2, 2019
COUNTY OF HARTFORD      :

Carla Squatrito
    Personally appeared ~~JACK HERPOK,~~ CHIEF FINANCIAL OFFICER of Carla Pasta, Inc.,
a Connecticut company, signer and sealer of the foregoing instrument, and acknowledged the same
to be her free act and deed as such Officer and the free act and deed of such company, before me.

Courtney Cannella
Notary Public-Connecticut
My Commission Expires
December 31, 2021

_courtneycannella_
Name: courtneycannella
Commissioner of the Superior Court
Notary Public
My Commission Expires: 12/31/2021

Received for Record 10-2-19
At 4:10 Pm
Recorded in South Windsor, CT
By _____ 
            Town Clerk

9

{C0111181-1}

# EXHIBIT C



# *Town of South Windsor*

1540 SULLIVAN AVENUE • SOUTH WINDSOR, CT 06074
TELEPHONE (860) 644-2511

July 19, 2019

Dennis Group

1537 Main Street

Springfield, MA  01103

Re: Carla's Pasta, 50 Talbot Road, South Windsor

Kevin,

This letter verifies the addition, under Permit #1800168, 50 Talbot Lane, substantially complies with Ct State Building Codes and Fire and Life Safety. This project meets the criteria for a Certificate of Occupancy. The Certificate of Occupancy will be generated and printed once the as built plans are submitted to the Engineering Department.

Christopher J. Dougan

Chief Building Official

# EXHIBIT D



# REAL ESTATE TAX BILL 2020
## TOWN OF SOUTH WINDSOR

**MAKE CHECKS PAYABLE TO:**
**TOWN OF SOUTH WINDSOR**
**1540 SULLIVAN AVENUE**
**SOUTH WINDSOR, CT 06074**

Property Location: 50 TALBOT LANE
Map/Block/Lot: 60 29 3
Volume/Page: 1218 211
Unique ID: 88900050

**Taxpayer Copy**
**Keep For Your Records**
**No Other Bill Will Be Sent**

Without estimated $12,083,630 in state aid from the
State of Connecticut, the mill rate would be 42.17.

| BILL NUMBER | DIST | BANK | ON GRAND LIST | TOTAL TAX DUE | PAYMENT DUE | PAYMENT DUE |
|---|---|---|---|---|---|---|
| 2019 01 0009617 | | | OCTOBER 1, 2019 | | **July 1, 2020** | **January 1, 2021** |
| MILL RATE | | GROSS ASSESSMENT | 20,883,500 | **$502,133.50** | **$251,066.75** | **$251,066.75** |
| 37.8800 | | EXEMPTION | 7,627,600 | | DELINQUENT AFTER AUG 3, 2020 | DELINQUENT AFTER FEB 1, 2021 |
| | | NET ASSESSMENT | 13,255,900 | | | |



T14 P4461 **********SCH 5-DIGIT 06074
SURI REALTY LLC
50 TALBOT LN
SOUTH WINDSOR CT 06074-5401



13219010009617025106675000000002510667500000000000005021335034

**\*\* Be Safe - Pay by Mail \*\*  Office Hours   8:00 a.m. - 4:30 p.m.   Monday - Friday / Phone: (860) 644-2511 ext. 321**

---

# REAL ESTATE TAX BILL 2020

**MAKE CHECKS PAYABLE TO:**
**TOWN OF SOUTH WINDSOR**
**1540 SULLIVAN AVENUE**
**SOUTH WINDSOR, CT 06074**

Property Location: 50 TALBOT LANE
Map/Block/Lot: 60 29 3
Volume/Page: 1218 211
Unique ID: 88900050

**RETURN WITH 2nd PAYMENT**
**Due: January 1, 2021**

**\*\*\*Drive up drop box located at the front entrance of the Town Hall\*\*\***
If a receipt is desired, send a self-addressed stamped envelope with payment.  If the notation "Back Taxes Also
Due" appears on your bill call 860-644-2511 ext. 321 or visit our website http://www.southwindsor-ct.gov for
updated interest charges.  Back Taxes and interest must be paid in full before payment on current bills is accepted

| BILL NUMBER | DIST | BANK | ON GRAND LIST | PAYMENT DUE |
|---|---|---|---|---|
| 2019 01 0009617 | | | OCTOBER 1, 2019 | **January 1, 2021** |
| MILL RATE | | GROSS ASSESSMENT | 20,883,500 | **$251,066.75** |
| 37.8800 | | EXEMPTION | 7,627,600 | DELINQUENT AFTER FEB 1, 2021 |
| | | NET ASSESSMENT | 13,255,900 | |

SURI REALTY LLC
50 TALBOT LN
SOUTH WINDSOR CT 06074-5401


**PAY ONLINE**
**SCAN HERE**



**Reminder: No additional bill will be
sent for the Jan. 1, 2021 installment.**

13219010009617025106675000000002510667500000000000005021335034

---

# REAL ESTATE TAX BILL 2020

**MAKE CHECKS PAYABLE TO:**
**TOWN OF SOUTH WINDSOR**
**1540 SULLIVAN AVENUE**
**SOUTH WINDSOR, CT 06074**

Property Location: 50 TALBOT LANE
Map/Block/Lot: 60 29 3
Volume/Page: 1218 211
Unique ID: 88900050

**RETURN WITH 1st PAYMENT**
**Due: July 1, 2020**

**\*\*\*Drive up drop box located at the front entrance of the Town Hall\*\*\***
If a receipt is desired, send a self-addressed stamped envelope with payment.  If the notation "Back Taxes Also
Due" appears on your bill call 860-644-2511 ext. 321 or visit our website http://www.southwindsor-ct.gov for
updated interest charges.  Back Taxes and interest must be paid in full before payment on current bills is accepted

| BILL NUMBER | DIST | BANK | ON GRAND LIST | PAYMENT DUE |
|---|---|---|---|---|
| 2019 01 0009617 | | | OCTOBER 1, 2019 | **July 1, 2020** |
| MILL RATE | | GROSS ASSESSMENT | 20,883,500 | **$251,066.75** |
| 37.8800 | | EXEMPTION | 7,627,600 | DELINQUENT AFTER AUG 3, 2020 |
| | | NET ASSESSMENT | 13,255,900 | |

SURI REALTY LLC
50 TALBOT LN
SOUTH WINDSOR CT 06074-5401


**PAY ONLINE**
**SCAN HERE**



13219010009617025106675000000002510667500000000000005021335034